## HENRY GAULER ET AL.

### V.

## ANNA WOHLERS.

1. DEMURRER TO CROSS-BILL.—The court below properly sustained the demurrer to appellants' cross-bill as it did not contain any allegation or statement of fact or circumstance showing that complainants in the creditor's bills, or some of them, participated in the alleged fraudulent acts of the administrator, committed with the design of rendering his sureties liable upon the bond.

2. CREDITOR'S BILL—EXECUTIONS—BURDEN OF PROOF.—Where a creditor's bill sets out a judgment and issuance and return *nulla bona* of executions thereon, and the answers admit neither the amounts due nor the returns *nulla bona*, the complainants are required to prove them.

3. EXECUTION—RETURN OF SHERIFF.—Where it appeared by complainant's own showing that under two of the executions, the sheriff had levied upon a considerable amount of personal property as belonging to the defendants, and all that was shown in regard to it, was a statement in the sheriff's return, that such property had been taken from him by the coroner by writs of replevin, and that by direction of the plaintiffs' attorney he returned the writ no part satisfied, and the sheriff did not say he demanded any property of defendants. *Held*, that under these circumstances the complainants should have shown that without any fault of the sheriff, or of the plaintiffs in the execution, or by some instrumentality of the defendants, the property so levied upon, could not have been made available to the payment of the respective judgments in whole or in part.

4. CHANCERY—DECREE ORDERING SALE OF PROPERTY TO SATISFY JUDGMENT.—Where a decree subjects certain property to the satisfaction of a judgment and orders a sale for that purpose, it must ascertain the precise amount for which the premises are liable or it will be erroneous.

ERROR to the Superior Court of Cook county; the Hon.

GEORGE GARDNER, Judge, presiding. ᴸOpinion filed March 27, 1883.

This case arises upon five several creditor's bills brought in the court below by Anna Wohlers, who, with four others were next of kin of one Henry Wohlers, deceased, and who had severally recovered judgments at law, against August Wohlers, Reinhard Hageman and Henry Gauler, upon the bond of said August Wohlers, who had been appointed administrator of the estate of said Henry Wohlers, deceased, Hageman and Gauler being his sureties upon the bond, and the several judgments being for the default and breach of duty of said August, as such administrator. The several bills set out a judgment, and the issuance and return *nulla bona* of an execution thereon. They were framed in the usual form to reach choses in action, equitable interests in real and personal property. They severally set forth fraudulent conveyances of real estate by Hageman and Gauler, with intent to defraud these several complainants. Hageman and Gauler, their wives and others were made defendants, and answered separately. The answers did not admit the return *nulla bona*, of the executions, but on the contrary denied the issuance and return *nulla bona* of such executions. Replications to answers being filed, the court by consent of parties, ordered the several cases to be consolidated as one. On the hearing, the complainants introduced in evidence executions which had been issued upon the respective judgments, and the returns of the sheriff. As to three of them the return was that of demand of property, refusal, and *nulla bona*, and made before the filing of the bill. As to two others, there was indorsed on each respectively, a levy upon a very considerable amount of personal property, which the sheriff states in his return was taken from him by the coroner by virtue of writs of replevin; and the return further states that by order of the plaintiff's attorney he returns the writ in no part satisfied. Evidence was given upon the question of fraudulent conveyace by Hageman and Gauler of their real estate.

The court below found that such conveyances were fraudu-

lent as to complainants; found the gross amount due to be the full face of all the judgments, interests and costs, and ordered that if defendants did not pay such gross amount in three days, that then said real estate be sold to pay the same.

There was no evidence tending to show the fact that said goods and chattels so levied upon were in fact replevied, or by whom, what bond was given, or what was done with the replevin suits; nor was there any evidence as to the value of the goods levied upon. Without any explanation, the several judgments on which the execution so levied, were issued, were reckoned in at their full nominal amounts.

It appears that Hageman and Gauler had filed a cross-bill to have said judgments at law set aside on the ground that they were sureties for August Wohlers on his bond as administrator, and that he had fraudulently made himself liable as such administrator, with the design of making his sureties also liable, and had kept them in ignorance of his doings. There was no allegation, that complainants in the creditor's bills or either of them, were in complicity with that design. To this cross-bill the court below sustained a demurrer. The defendants bring the case here on error.

Messrs. HOYNE, HORTON & HOYNE, and Mr. FRANCIS LACKNER and Mr. SIDNEY C. EASTMAN, for plaintiffs in error; that the cross-bill and amended answers present a good defense in equity to the judgments, and it was error to sustain the demurrer to the cross-bill and the exceptions to the answers, cited Gillilan v. Myers, 31 Ill. 525; Judy v. Kelley, 11 Ill. 211; Follansbee v. Scottish Am. Mort. Co. 7 Bradwell, 486; Propst v. Meadows, 13 Ill. 157; McGhee v. Gold, 68 Ill. 215; Vennum v. Davis, 35 Ill. 568.

To sustain a creditor's bill it must appear that a judgment has been rendered and execution returned *nulla bona:* Bay v. Cook, 31 Ill. 336; Lewis v. Lanphere, 79 Ill. 187; Moshier v. Meek, 80 Ill. 79.

When the decree is not based upon evidence sufficient to support it, it must be reversed: Olsen v. Crescio, 10 Bradwell, 542.

Mr. WILLIAM VOCKE, for defendant in error; that the bills are of a character which would have rendered them proper subjects of chancery jurisdiction, even if, after judgment, no execution whatever had been issued, cited Miller v. Davidson, 3 Gilm. 518; Greenway v. Thomas, 14 Ill. 271; Weightman v. Hatch, 17 Ill. 281; Newman v. Willets, 52 Ill. 98.

Where a wife permits her husband to intermingle her estate with his, and obtain credit upon it, she is estopped from asserting her claim as against her husband's creditors: Nelson v. Smith, 64 Ill. 394; Jassoy v. Delius, 65 Ill. 469.

The execution of an administration bond creates a present indebtedness to the obligee so as to render a voluntary conveyance by the surety fraudulent and void: Carlisle v. Rich, 8 N. H. 45; Howe v. Ward, 4 Greenl. 195; Van Wyck v. Seward, 18 Wend. 375; Thompson v. Thompson, 19 Me. 244; Choteau v. Jones, 11 Ill. 300.

As to when a court of equity will relieve a judgment at law: Walker v. Kretzinger, 48 Ill. 502; Willard's Eq. Jur. 356; Floyd v. Jayne, 6 Johns. Ch. 479; Wilday v. McConnell, 63 Ill. 278; Vaughn v. Johnson, 1 Stockt. Ch. 173; Powell v. Watson, 6 Ired. Eq. 96; Dodge v. Strong, 2 Johns. Ch. 228; Lansing v. Eddy, 1 Johns. Ch. 50; Mason v. Palmerston, 2 Carter (Ind.), 117; Murriott v. Hampton, 7 Tenn. 269; Young v. Keightly, 16 Ves. 349.

A public officer making a return of his doings upon a writ, is not allowed to gainsay the truth of it: Barrett v. Copeland, 18 Vt. 67; Hoyne v. Small, 22 Me. 14; Sheldon v. Payne, 3 Seld. 453; Cave v. Mills, 7 Hurls. & Norm. 913; Com'rs v. Mayrant, 2 Brevard, 228; McCabe v. Raney, 32 Ind. 309; Stovall v. Banks, 10 Wall. 583; Baker v. Preston, 1 Gilmer (Va.), 235; U. S. v. Gerault, 11 How. 27; Morley v. Metamora, 78 Ill. 394; Evans v. Kieland, 9 Ala. 42.

In order to discharge a surety there must have been fraudulent concealment as to material facts of which the obligee had notice: Ladd v. Trustees, 80 Ill. 235; West. N. Y. Life Ins. Co. v. Clinton, 66 N. Y. 331; Gage v. The City, 95 Ill. 611.

What appears in this bill with reference to execution and return was immaterial and surplusage: Weightman v. Hatch,

17 Ill. 281; Miller v. Davidson, 3 Gilm. 518; Greenway v. Thomas, 14 Ill. 271; Newman v. Willetts, 52 Ill. 98.

It is the doctrine in courts of equity that the rendition of a judgment and the consequent lien thereof on lands will authorize a creditor to come into those courts to remove fraudulent obstructions to executions: Bump on Fraudulent Conveyances, 2d ed. § 523; Freeman on Executions, § 430; Brinkerhott v. Brown, 4 Johns. Ch. 671.

McALLISTER, J. The cross-bill of Hageman and Gauler, praying that the judgments on which the creditor's bills were based be set aside and vacated, was, in our judgment, wholly insufficient to justify any such decree, and the court below very properly sustained a demurrer to it. The chief defect in that bill was the want of any allegation, or statement of fact, or circumstance, showing that the complainants in the creditor's bills, or some of them, participated in the alleged fraudulent acts of Wohlers, the administrator, committed with the design of rendering Hageman and Gauler, his sureties, liable upon his bond. If the complainants in the creditor's bills were none of them connected with the fraudulent acts of such administrator, and were injured thereby, then the sureties upon the administrator's bond were liable for that injury irrespective of such administrator's motives as regarded such sureties. And if such complainants were not, in fact injured thereby, that might have been shown in mitigation of the damages in the suits on the bond. There is no sufficient reason set forth in the cross-bill why such matters were not set up in the suits on the bond. Collusion between the parties in the orders and proceedings in the Probate Court to defraud the sureties, might have been pleaded in the suits against such sureties. Annett v. Terry, 35 N. Y. 255; Great Falls Manufacturing Co. v. Worster, 45 N. H. 110.

But there is one objection to the decree below, which seems well taken. The answers admitted neither the amount due nor the returns *nulla bona*. The complainants were, therefore, required to prove them. Heacock v. Durand, 42 Ill. 230. It appeared by complainants' own showing, that under

Under these circumstances, the complainants should have shown, that without any fault of the sheriff, or the plaintiffs in the execution, or by some instrumentality of the defendants, the property so levied upon could not have been made available to the payment of the respective judgments in whole or in part. It is true, that there was no evidence, that the goods levied upon were of a value adequate to the satisfaction of the judgments, but they necessarily affected the extent of the relief to be granted, unless there were circumstances which showed them not to be available to any extent. Helm v. Hardin, 2 B. Monroe, 230. Besides the complainants were bound to show that their legal remedy had been legally exhausted.

It was suggested by counsel for defendants in error, that the whole decree should not be reversed for this error, but only so much as related to the two judgments, on which such executions so levied, were issued. We cannot concur in that view, for the reason, that the rules governing such cases, require that when a decree subjects certain property to the satisfaction of a judgment, and orders a sale for that purpose, it must ascertain the precise amount for which the premises are liable, or it will be erroneous. Cohen v. Carroll, 5 Smedes & M. 545.

In the case in hand, the court below found a gross sum, as the amount for which the premises in question were liable, and for which they were ordered to be sold. In our view the court could not properly ascertain that sum, without first ascertaining that the goods levied upon, under the two executions above mentioned, were not available. That was not done. The decree of the court below will, therefore, be reversed and the cause remanded.

Reversed and remanded.