·Hill v. Gruell.

---

GRANDISON W. HILL ET AL.
v.
JOSEPH M. GRUELL.

*Corporation—Liability of Stockholders for Debt of—Practice—Change of Venue.*

1.   Corporations are trustees of their assets primarily for their creditors;

the right of stockholders, upon a dissolution, is limited to their proportion-ate shares of the assets remaining after the payment of all the corporate debts; of whatever they receive on distribution before such payment, they thereby become like trustees; a creditor may charge as such, any or all into whose hands he can trace assets so distributed; a creditor for that purpose, is any one who has a valid claim against the corporation arising on contract express or implied, whether legal or equitable, a lien or not a lien, due or becoming due, ascertained or to be ascertained, and a court of equity has power as such, and independent of statute, to enforce such trust according to its practice in such cases.

2.   The taking part by stockholders in the corporate action of a given company, whereby its assets are transferred to another company, the con-stituents of both companies being the same, they receiving the proceeds thereof proportioned to the amount of their stock in the first company, thus dissolving the same, amounts to a dividend and distribution of the assets thereof by it to its own stockholders *pro rata*.

3.   The fact being that such claim arose before such attempted dissolution, it can have no effect to prejudice any right of the claimant, and that its exact amount was not then ascertained is immaterial.

4.   Where a bill is filed against several defendants, and it is taken as confessed against one of them for want of an answer, and the rest petition for a change of venue, which the court denies for the reason that such person does not join in, nor consent thereto, such act is proper where the bill seeks to charge him as trustee of assets received by him upon the dissolution of a given corporation. In that character he is as much a real party as the others, although there is already a judgment against him.

5.   Upon a bill filed against a corporation and persons named to enforce the trust imposed by law upon the defendants, officers, directors, principal and controlling stockholders of said corporation, to apply its assets to the payment of a certain indebtedness, this court holds, that the duty to ascertain the amount of the indebtedness in question rested upon the company; that it was bound to take notice of the demand upon its president on execution and its result, and that having appropriated its assets, defendants became liable jointly and severally to pay it, each having received enough thereof for that purpose; that their failure to pay it was a breach of that trust, whether fraudulent in fact or not, and that it will be for them to adjust their equities when they acquire any as against other parties also liable; also that the case is one of original equity jurisdiction, which would be properly exercised though there were a concurrent remedy at law, and that com-plainant's claim is purely equitable, he being an assignee of a chose in action.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Hill v. Gruell.

Messrs. J. C. THOMPSON and JOHN F. M'GINNIS, for appellants.

The first point we make against the ruling of the court is in refusing a change of venue. The proper notice was given to the appellee's attorneys, and the proper petition filed and sworn to. The point made by the court was, that the application for a change of venue was not made by *all* the defendants, and only by and in behalf of the Eagle Packet Company, of St. Louis, Missouri, Henry Leyhe, William Leyhe, Grandison W. Hill and Jno. R. Williams; and that the other defendant, Jno. M. Earl, did not join. This is true; he did not join. While the statute says (page 1241, Sec. 9, Hurd's, 1885): "When there are two or more plaintiffs or defendants, a change of venue shall not be granted unless the application is made by or with the consent of all the parties, plaintiff or defendant, as the case may be," this section, we contend, has no application to this case. In the first place all the defendants joined in the petition except Jno. M. Earl, who was only a nominal defendant and had no interest in the result of the suit, as there was already a judgment against him and the Eagle Packet Company, of Illinois, and no future judgment or decree of court in this proceeding could in any manner injure or benefit him. The only interested parties were the defendants Henry Leyhe, William Leyhe, Grandison W. Hill, Jno. R. Williams and the Eagle Packet Company, of St. Louis, Missouri.

This proceeding was seeking to bind them and any property that they might have in their possession, that ought in equity and good conscience be applied to the payment of the Gruell judgment, and we take it for granted it was not necessary for us to show that Jno. M. Earl had no interest in the result, as the bill, on its face, showed this. If a fair and reasonable construction of this section of the statute did not mean what we here contend for, what is there to prevent some suitor in a case making some one that never was heard of or known, a defendant for this very purpose of defeating a change of venue? This we think the court will see, that a fair and reasonable construction of the statutes entitled us to a

change of venue. And without any disparagement to the
honorable judge before whom the case was tried, we think
he ought to have granted it for the reason that the original
suit of Gruell against the Eagle Packet Company, of Illinois,
and Jno. M. Earl, was tried before him. And as the policy of
the law (where there are jury trials) contemplates the impan-
eling of only those who have not heard the evidence or any-
thing about the facts, and that their minds be wholly free
from bias of any kind, we think it ought to be the same in a
case like this. In the case of Jenkins, assignee, v. Pope et al.,
93 Ill. 27, the court says that the principal beneficiary
controls the suit, and on his application a change of venue
ought to be granted, and in the present case as in that just
quoted. Earl was only a nominal defendant, having no interest
whatever in the result. The other cases we refer to are
Smith v. Robinson, 11 Ill. 119, and Caton v. Harmon, 1 Scam.
581. In the case of Hitt v. Allen, 13 Ill. 592, the Supreme
Court says, concerning this same statute: "The statute
requiring all the parties to join in an application for a change
of venue must, therefore, be understood when the application
is made by the defendants as applying only to those defend-
ants between whom and the plaintiff a cause is pending, wherein
a trial is to be had." Now we contend there was no trial to
be had between the appellee and Jno. M. Earl in this case, as
there was a judgment rendered against him in favor of appel-
lee, and we think, on the grounds above stated, and under all
the decisions of the Supreme Court, this case ought to be
reversed and remanded, and a change of venue granted.

Messrs. JOHN H. WILLIAMS and GEORGE M. JANES, for
appellee.

A corporation holds its property in trust, first to pay its
creditors, and if such corporation should dissolve and divide
its property among its shareholders, without first paying its
debts, equity would enforce the claims of its creditors by con-
verting all persons, except *bona fide* purchasers to whom the
property has gone, into trustees, and compel them to contrib-
ute to the payment of the debts of the corporation to the
extent of the property received. Clarkson v. Erie & N. S.

D. Co., 6 Ill. App. 284; Mining Co. et al. v. Mining Co., 116 Ill. 170; Union Ins. Co. v. Frear Stone Mfg. Co., 97 Ill. 537; Clapp v. Peterson, 104 Ill. 26.

However a dissolution is effected, a corporation still exists for the purpose of having its property applied to pay its debts. Sec. 12, Chap. 32, R. S.; Life Association of America v. Fassett, 102 Ill. 315; City Ins. Co. v. Com. Bank, 68 Ill. 348.

In the case of a judgment creditor after return of an execution against the company unsatisfied, seeking in a court of equity to reach certain specific property once belonging to the company, as charged with a trust for the payment of his debt, he may pursue the property into whosesoever hands he may find it, and he is not obliged to attend to adjusting the equities between stockholders. Clapp v. Peterson, 104 Ill. 26.

This is not a proceeding against stockholders as such, but against the defendants, officers, managers, directors and stockholders who, as trustees, have been guilty of a legal fraud in putting out of the reach of its creditors all the property of the company, in violation of the trust imposed by law upon them, by which they were required to pay all debts of the concern out of the trust fund before making any other disposition or distribution of it.

They may have procured the approval of most of the other small stockholders who could hardly have known what the defendants were actually doing, trusting them at any rate to do right; but as individuals these defendants together did the work of getting the property out of the way, in what to them at the time, no doubt, seemed the most effectual manner.

The remedy against the officers and directors of a corporation is by bill in chancery. Sec. 25, Chap. 32, R. S.; Buchanan v. Barton Iron Co., 3 Ill. App. 191; Buchanan v. Low, 3 Ill. App. 202.

PLEASANTS, J. The bill herein was filed by appellee on the 26th of January, 1889, against appellants together with John M. Earl and the Eagle Packet Company, a corporation organized under the laws of Missouri. It was taken as confessed as against Earl for want of an answer, and the decree

does not go directly against the Packet Company. They did not join in the appeal.·

The case made by the pleadings and proofs is briefly this: In July, 1873, the Eagle Packet Company was incorporated under the laws of Illinois, with its principal office at Quincy, for the purpose, among others, of erecting freight houses and buildings and equipping steam boats and barges for use in navigation on the Mississippi river, and did build or acquire certain steam boats, barges and freight houses for that purpose. Appellants and Earl were the directors and principal stockholders. Williams was president, Hill was secretary and treasurer, and Henry Leyhe, superintendent. In June, 1877, Samuel Gruell, being indebted to the company in about the sum of $1,500, to secure its payment assigned and delivered to Earl, as agent of the company, a quantity of cord wood and fence posts, the value of which largely exceeded that indebtedness together with the liens upon the property and expenses of handling it, and provided by the instrument of assignment that the proceeds remaining after reimbursing the company for those liens and expenses and paying said indebtedness, should be paid over to the assignor. These proceeds were all paid over by Earl as the property was sold, to Hill, the treasurer of the company. Of the terms of this assignment, and the proceedings under it, all the appellants were at the time fully apprised. In April, 1878, the officers of the company were directed by vote of the stockholders to sell and transfer to the Eagle Packet Company, of St. Louis, which was incorporated on the 7th of that month under the laws of Missouri, all its boats, barges and freight houses for $13,000, which they accordingly did, and thus, to that extent, dissolved the Illinois company. We copy from the abstract of the amended answer of these appellants sworn to, the following:

" And they further say, that at the time of the dissolution of the Eagle Packet Company of Illinois, the property of said company consisted of the steamers Spread Eagle and Little Eagle, No. 2, and two wharf boats, one at Quincy, Illinois, and one at St. Louis, Mo., and three warehouses, one at Keokuk, Iowa, and one at Crafton, Illinois, and one at

Alton, Illinois; all of which property was sold and transferred to the Eagle Packet Company of St. Louis, said property being valued at $13,000.

"Fourth. These defendants, Henry Leyhe, William Leyhe, Grandison W. Hill and John R. Williams, say that all of said property of the Eagle Packet Company, of Illinois, was disposed of for the consideration of $13,000 to the Eagle Packet Company, of Missouri, as above set forth; that the names of the stockholders of said Eagle Packet Company, of Illinois, before and at the time of the dissolution of the said company, were C. Albers, who was the owner and held

|  |  |  |  |
|---|---|---|---|
|  | 18¾ shares, par value, | | $ 1,875 |
| J. R. Williams, | 120 | shares, par value, | 12,000 |
| Henry Leyhe, | 120 | shares, par value, | 12,000 |
| William Leyhe, | 129 | shares, par value, | 12,000 |
| Grandison W. Hill, | 120 | shares, par value, | 12,000 |
| C. Nagle, | 8¾ | shares, par value, | 875 |
| J. M. Earl, | 72½ | shares, par value, | 7,250 |
| Nat. Morehead, | 65 | shares, par value, | 6,500 |
| R. E. Hill, | 5 | shares, par value, | 500 |

Total number, 650 shares, and amt. capital stock, $65,000

"And the following were the stockholders in the Eagle Packet Company, of Missouri, on or about April 18, 1878:

| C. Albers, | 7½ | shares, par value, | $ 375 |
|---|---|---|---|
| J. R. Williams, | 48 | shares, par value, | 2,400 |
| Henry Leyhe, | 48 | shares, par value, | 2,400 |
| William Leyhe, | 48 | shares, par value, | 2,400 |
| G. W. Hill, | 48 | shares, par value, | 2,400 |
| C. Nagle, | 3½ | shares, par value, | 175 |
| J. M. Earl, | 29 | shares, par value, | 1,450 |
| Nat. Morehead, | 26 | shares, par value, | 1,300 |
| R. E. Hill, | 2 | shares, par value, | 100 |

Total, 260 shares. Amt. capital stock, $13,000

"All of said persons above named being the stockholders of said Eagle Packet Company, of Missouri.

" And that all the property or assets and effects of the Eagle Packet Company, of Illinois, was, on or about the 18th day of April, 1878, transferred to the Eagle Packet Company of Missouri, the stockholders being identically the same in both companies."

To the October term, 1879, of the Adams County Circuit Court, Samuel Gruell filed his bill in equity against Earl and the Illinois Company for a statement of the account and enforcement of the trust in his favor, created by the assignment; and pending the suit, on the 20th of October, 1881, for value received, assigned all his interest in the claim and in whatever decree or judgment he might recover, to Joseph M. Gruell, the appellee here.

For reasons not particularly shown, that litigation was protracted until the March term, 1888, when a final decree was rendered for the complainant, for $1,419.25; in which decree it was further ordered that in default of its payment within thirty days a *fieri facias* execution be issued to enforce it. Default was made and execution issued; the first directed to Adams County, on June 13, 1888, which was returned by order of the plaintiff's attorney, August 31st, and an *alias* to Madison, on September 3d, and returned " demand made and no property found to make all or any part thereof," December 28, 1888.

Thereupon this bill was filed, setting forth the facts above stated, to charge the defendants as trustees for complainant, to the extent of his claim, of the property of the Eagle Packet Company, of Illinois, which they obtained in the manner above stated, and appropriated to their own use, with notice of that claim. And upon final hearing on the pleadings and proofs, the court rendered a personal decree against appellants and Earl, in favor of complainant, for the sum of $1,762, being the amount of the former decree, with interest thereon at the rate of six per cent per annum and the costs.

The principal objections urged to it are based on what we think a misapprehension of the character of the bill. As a creditor's bill, or in the nature of such, it is said the return of the execution on the first decree to Adams county, " by order

of the plaintiff's attorneys," is not sufficient to support it. Gaule v. Wohler, 12 Ill. App. 594. As a proceeding under the statute, Sec. 25, Chap. 32, declaring the liability of stockholders where a corporation or its authorized agents "do or refrain from doing any act which shall subject it to a forfeiture of its charter or corporate powers, or shall allow any execution or decree of any court of record for a payment of money, after demand made by the officer, to be returned 'no property found,' or to remain unsatisfied for not less than ten days after such demand," it is said there is no proof that the stock of appellants was not paid in full, and that not all the stockholders were made parties defendant. As a proceeding under Sec. 33 of the same statute, for distributing the assets without first filing an affidavit that all the corporate debts have been paid, it is said that section refers to corporations organized not for pecuniary profit. Hamsker v. Hamsker, 132 Ill. 273.

In can hardly be necessary to cite authority for the proposition that corporations are trustees of their assets primarily for their creditors; that the right of stockholders, upon a dissolution, is limited to their proportionate shares of the assets remaining after the payment of all the corporate debts; that of whatever they receive on distribution before such payment they thereby become like trustees; that a creditor may charge as such any or all into whose hands he can trace assets so distributed; that a creditor, for that purpose, is any one who has a valid claim against the corporation arising on contract express or implied, whether legal or equitable, a lien or not a lien, due or becoming due, ascertained or to be ascertained; and that a court of equity in this State has power as such and independent of statute, to enforce that trust according to its practice in like cases. Clapp v. Peterson, 104 Ill. 26, and cases there cited.

The bill here is based on these doctrines of equity. It seeks to charge the defendants, not as stockholders, but as trustees, though that character was assumed by their action as stockholders. All the facts above stated were found by the decree, and are so recited in it. The finding was fully warranted by

the evidence. They were all proved by records or other documents, or by their admissions under oath, and for the purposes of this case, of the appellants themselves and the testimony of Earl and Hill. By their own showing they voluntarily took a responsible and leading part in the corporate action of the Illinois Company, by which it undertook, in form, to transfer to another company certain of its assets specified and identified, of the value of $13,000, and received for themselves individually, as did the other stockholders, a part of the proceeds proportioned to the amount of their stock, respectively, and thereupon to dissolve the corporation. This, in purpose and direct effect, was a dividend and distribution of these assets by the company to its own stockholders *pro rata*, the constituents of the two companies being precisely the same; and of this dividend each of the appellants received more than was sufficient to pay the claim of appellee. This claim arose before the attempted dissolution, which, therefore, could have no effect to prejudice any right of the creditor. Sec. 12 of the Statute. That its exact amount was not then ascertained is immaterial. The duty to ascertain it rested upon the company. Before the last of May, 1878, the property assigned to its agent had all been sold, the sales reported and proceeds paid over by him to its treasurer, soon, doubtless, after the attempted dissolution in April. The company then knew the amount of its claim against the assignor, of the liens it had discharged, and of the expenses it had incurred. Its neglect to ascertain and pay, when it had the means, compelled the suit to enforce the duty. The court ascertained it and ordered payment. Of the demand upon its president on execution and its result, appellants were bound to take notice; for he was still its president, for all the purposes of that demand, and they were still its directors. They knew the company then had no means with which to make payment, having themselves, with others, appropriated its assets. They therefore became liable, jointly and severally, as trustees, to pay it, since each had received of the assets enough for that purpose; and their failure to pay it was a breach of that trust, whether fraudulent in fact or not.

It will be for them to adjust their equities when they acquire any as against other parties also liable.

The case, then, is one of original equity jurisdiction, which would be properly exercised though there were a concurrent remedy at law. But we know of no adequate remedy at law. Appellee's claim, being as assignee of a chose in action, is purely equitable; and the contention of counsel is that none of the remedial provisions of the statute would apply to the facts of this cause.

On the day it was set for hearing and heard, appellants filed their petition for a change of venue, which the court denied for the reason that their co-defendant, Earl, did not join in nor consent to it; and this ruling is assigned for error, on the ground that Earl was only a nominal and unnecessary party, since there was already a judgment against him for the same claim.

This view overlooks the fact that this bill seeks to charge him as trustee of the assets he received. In that character he was as much a real party as either of the appellants. We think the ruling was right (Sec. 9, Chap. 146, R. S.), and that the decree was right. It will therefore be affirmed.

*Decree affirmed.*