ANDREW G. EGE ET AL. *vs.* JOSHUA W. HERING, EXECUTOR, ET AL.

*Devise and Legacy—Independent Alternative Limitations—Charitable and Religious Uses—Perpetuities—Residuary Clause.*

When a will makes a gift to a second devisee to take effect in the event of the failure of a prior devisee of the property to accept the gift, or to do a prescribed act, then the first devise is considered as a preceding contingent limitation, and if it does not take effect, the second devise comes into being.

A testatrix devised and bequeathed the residue of her estate to a designated religious society on condition that it establish and maintain on the devised land a benevolent or educational institution. By subsequent clauses, it was provided that if that religious society should decline to accept the gift within the time limited, then the said property should go to another named religious society on similar conditions. The will then directed that if neither of said societies should accept the devise and bequest, in that event the executor should convert the property into money and pay out of the proceeds legacies to certain charitable and missionary institutions. Both of the two religious soci-

eties first named declined to accept the devise and legacy. *Held*, that
the general intent of the testatrix to devote her estate to charitable and
religious uses was effected by providing a series of independent, alter-
native or substitutional devises; that the devises to the two religious
societies first named are preceding executory or contingent limitations
of the property, and not conditions precedent to the gifts to the charit-
able institutions afterwards made, and that upon the refusal of the first
two societies to accept the gift or the legal non-existence of one of
them, the subsequent gift over to the charitable institutions takes effect.

A legacy to the Church Home and Infirmary to endow a bed "according
to the custom and purpose" of that institution is valid, the object being
one within the functions of that institution.

Legacies to two incorporated missionary societies, "the portion taken by
each corporation to be applied to the purposes of its organization," are
valid.

A will gave property upon certain conditions to a religious society, pro-
vided it accepted the conditions within one year from the receipt of a
notice from the executor, and in case it declined, then a gift over was
made to charitable institutions. *Held*, that the fact that no time was
fixed for the giving of the notice, the same being left to the discretion
of the executor and his successors, and that such notice and declination
might not occur within the period of lives in being and twenty-one
years thereafter, does not render the gift over invalid because in con-
flict with the rule against perpetuities.

A clause in a will provided for the disposition of "all the residue and re-
mainder of my entire estate not hereinbefore devised and bequeathed
or made void as aforesaid." *Held*, that this clause includes all of the
estate of the testatrix which have not been disposed of in previous
clauses of her will.

*Decided June 25th, 1908.*

Appeal from the Circuit Court for Carroll County (FOR-
SYTHE, J.)

The clauses in the will of Sallie Longwell, referred to in
the opinion of the Court, are as follows:

12. I give, devise and bequeath unto the Bishop of the
Protestant Episcopal Diocese of Maryland, and his successors
in office, a body corporate of the State of Maryland, all that
part of the real estate devised to me in fee after the death of
my mother, said Sarah McK. Longwell, by the last will and
testament of my father, John K. Longwell, late of Carroll
County, deceased, admitted to probate and duly recorded in

said county, April 27th, 1896, which contains about fifteen acres of land, on which are erected a large brick mansion house, and other improvements, situated in the corporate limits of the city of Westminster, in Carroll County, Maryland, and now enclosed by fences, on the four sides thereof, together with a legacy of ten thousand dollars, to be paid said church corporation by my said executor out of my estate, to aid in the purpose of this devise and bequest, hereinafter mentioned.  Provided, however, and said devise and bequest are made to said corporation of said church on said conditions that it will within one year from the date of its notice thereof by my executor, accept said devise and bequest, and take possession of said property and premises so devised, and proceed to establish thereon, and permanently maintain an institution designed for benevolent, charitable or educational purposes only; to be effectually conducted and mantained under the auspices of said Protestant Episcopal Diocese of Maryland.

13. Should the above devise of said mansion house, ground and legacy of $10,000 aforesaid be accepted and effective steps taken to establish thereon such an institution as above required, in the time above limited, I then also give and bequeath to the said Bishop of the Protestant Episcopal Diocese of Maryland, and his successor in office, all the rest and residue of my estate, not hereinbefore devised or bequeathed, to be used and applied by it in the most secure and effective manner, to the use, benefit, support and annual maintenance of such an institution as shall be established on said property and premises according to my will.

14. If said corporation of the Protestant Episcopal Church of Maryland shall decline to accept said devise and bequest hereinbefore given it for the purpose aforesaid, within the time limited, I then give, devise and bequeath unto the Presbytery of Baltimore, Maryland, a body corporate of the State of Maryland, all that mansion house property and fifteen acres of land, more or less, situated in Westminster, Carroll County, Maryland, described in the 12th paragraph hereof, together with a legacy of ten thousand dollars, payable to it out of my

estate by my executor (being the same mentioned in the said 12th paragraph), provided, however, and said devise and bequest are made to said Presbytery of Baltimore, on condition that it will in one year from the date of its notice thereof by my executor, accept said devise and bequest and take possession of said property and premises, so devised, and proceed to establish thereon and permanently. maintain an institution designed for benevolent, charitable or educational purposes only, to be effectually conducted and maintained under the auspices of said Presbytery of Baltimore, Maryland.

15. Should the above last mentioned devise of said mansion house, grounds and legacy of $10,000 aforesaid, be accepted by the said Presbytery of Baltimore, Maryland, and effective steps be taken by it to establish thereon such an institution as above required, in the time limited, I then also give and bequeath unto the said Presbytery of Baltimore, Maryland, in the place and stead of to the said Bishop of the Protestant Episcopal Diocese of Maryland, and its successor in office, all the rest and residue of my estate not herein otherwise disposed of, to be used and applied by the said Presbytery of Baltimore, Maryland, in the most effective manner, to the use, benefit, support and annual maintenance of such an institution as shall be established by it in conformity to my will.

16. In case neither of said corporations (Protestant Episcopal or Presbyterian) shall accept said devise and bequest, given them respectively as aforesaid, in the time limited to them respectively as aforesaid, I hereby declare said devise and bequest including said devise and bequest of residue to be void and of no effect; and I then in that case order and direct that my executor shall immediately thereafter proceed to sell, at public or private sale, to the best advantage of my estate, my said mansion house. property, consisting of fifteen acres of land more or less, and convey the same to the purchaser thereof when paid or fully satisfied therefor, and out of the proceeds of sale thereof and the residue of my entire estate to pay the following legacies as soon as can be conviently done, viz:

17. I give and bequeath to the Church Home and Infirmary of the city of Baltimore, a legacy of five thousand dollars, to endow a bed, according to the custom and purpose of said institution.

18. I then devise and bequeath all the residue and remainder of my entire estate, not hereinbefore devised and bequeathed, or made void as aforesaid, to the following named corporations, in equal shares, to wit: To the Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America, and to the Board of Foreign Missions of the Presbyterian Church in the United States of America, to them and their respective successors; to be equally divided between said two corporate bodies, and to be used and applied by each for the purposes of their respective organizations as corporations aforesaid.

19. And I do hereby further will, order and direct that, if the said the Bishop of the Protestant Episcopal Diocese of Maryland, and his successors, in office, or the said Presbytery of Baltimore, Maryland, after having accepted the devise of said mansion house grounds, of about fifteen acres of land, and bequest given them, in the alternative, in this my will as aforesaid, for the purpose of establishing and carrying on in an effective manner an institution for benevolent, charitable or educational purposes; and after having established such an institution on said premises and property, should fail at any time to conduct and carry on the same in an effective, continuous or permanent manner, or should convert the said property and premises to other uses than those designed by my will; or shall abandon or surrender the same, I do then in case of the happening of such an event, hereby declare the said devise and bequest so given to said corporation, as aforesaid, so accepting and failing to carry out the purposes of my will as aforesaid, to be null and void; and I do then, in that case, hereby give, devise and bequeath all the said parcels of land, containing fifteen acres more or less around said home mansion, with other improvements and appurtenances mentioned and described in said paragraph 12, hereof, and all of said be-

quests that may remain or that can be recovered, given to establish and maintain such an institution as aforesaid, and forfeited and made void as aforesaid, or abandoned or surrendered, as aforesaid, unto the two corporations, before mentioned, in equal shares, to wit, to the Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America, and to the Board of Foreign Missions of the Presbyterian Church in the United States of America, and their respective successors, each the one-half thereof, as tenants in common; with full power and authority under this my will or under a decree of a Court of equity, having jurisdiction in said' Carroll County, if necessary to apply thereto, to sell and convey said real estate so as aforesaid devised to them, or by a trustee or trustees to be appointed by said Court; and to divide the net proceeds of sale thereof, and said bequest of money, or the residue thereof, so to be received or recovered by them equally between said two last mentioned corporations, the residuary devisees last aforesaid, to be by them respectively used and applied for the use, benefit and support of their respective organizations.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, WORTHINGTON and HENRY, JJ.

*James A. C. Bond* and *Francis Neale Park* (with whom was *Henry Elliston* on the brief), for the appellants.

Where a will requires the performance of conditions, which are impossible and precedent, no estate can arise, by whatsoever means it is rendered impossible.

I. A conditional bequest is where its taking effect or continuing in operation depends upon the happening or not happening of some uncertain event.    2 *Redfield on Wills*, sec. 18, *283; 2 *Wms. Exrs.*, *1123; 1 *Roper on Legacies*, *748.

II. Conditions are either precedent or subsequent.    Where the performance of the condition is required before the estate can vest, it is a condition precedent.    And where the estate *is vested*, and the failure to perform the condition divests the

estate, the condition is a condition subsequent. 2 *Jarman on Wills*, *842–3; 2 *Redfield on Wills*, sec. 18, *293; 2 *Wms. on Exrs.*, *1123.

(*a*) The test of a condition precedent is that no *present interest* is given. If no present interest is bestowed, the donee takes no estate. His estate cannot arise, and hence does not vest, until the condition is fulfilled. The contingencies precedent are those which must happen before any estate vests. *Maddox, Exr.* v. *Negro Price*, 17 Md. 413; *Venable's Syllabus of Law of Real Property*, 110.

(*b*) Again, when the condition is in the nature of a *consideration* for the gift its performance will be regarded as intended to precede the vesting of any right, and so a condition precedent. As the devise of an estate to A on condition of his marrying into the family of B is a condition precedent, and no estate vests until such marriage takes effect. So a legacy upon condition that legatee shall change the course of his life he has too long followed, and give up frequenting public houses and all low company is a condition precedent. In these and in similar cases the condition is made by the testator the *consideration* for his bounty. 2 *Redfield on Wills*, sec. 18, *283, *284.

(*c*) A third characteristic is where the nature of the interest given is such as to allow *time* for the performance of the act upon which the beneficial enjoyment of it is to begin. *Acherly* v. *Vernon*, Willes, 153.

Under this will there are created three distinct conditions precedent:

(1) *Before* the devise and bequests to the "Bishop of the Protestant Episcopal Diocese of Maryland," contained in the 12th and 13th paragraphs of the will, *can vest in interest*, the beneficiary named must accept such devise and bequest and take possession of the property *devised* within one year after the notice received from the executor of the devise and bequests.

(2) *Before* the devise and bequests to the "Presbytery of Baltimore, Maryland," contained in the 14th and 15th para-

graphs of the will *can vest in interest*, the beneficiary first named ("Bishop of the Protestant Episcopal Diocese of Maryland," *must decline* said devise and bequests contained in the 12th and 13th paragraphs of the will, and (*b*) the "Presbytery of Baltimore, Maryland," *must accept* such devise and bequests of the 14 and 15th paragraphs and take possession of the property *devised* within one year after the date of the notice received by it from the executor of such devise and bequest.

(3) Before the bequests to the Church Home and Infirmary of the city of Baltimore and to the Domestic and Foreign Missionary Society of the Protestant Episcopal Church and to the Board of Foreign Missions of the Presbyterian Church, contained in the 17th and 18th paragraphs of the will, *can vest in interest* (*a*) the Bishop of the Protestant Episcopal Diocese of Maryland must decline to accept the devise and bequests found in the 12th and 13th paragraphs of the will, within the time limited; and (*b*) the Presbytery of Baltimore, must, *in addition*, decline to accept the devise bequests found in the 14th and 15th paragraphs of the will, within the time limited.

Thus we see that the contingencies are not only precedent to the estates given to each of the above-named beneficiaries, but that they are *cumulative* conditions precedent.

It would seem hardly possible for any doubt being expressed as to the conditions being precedent, and that no estate could vest until these conditions precedent were fulfilled. The lower Court, indeed, held that they were conditions precedent, but failed to give effect to the legal consequences of this view.

The learned counsel for the appellees, recognizing the consequences in law of the conditions being precedent to the vesting of the estates and interests given, argued below that the conditions were either (*a*) *conditions subsequent or* (*b*) *conditional limitations.*

(*a*) A condition subsequent is one whose non-performance determines an estate previously vested. Hence, if the estate

is not vested, there can be no condition subsequent. The inquiry, therefore, must be was a present vested interest given; or was there some one or more things to be done which necessarily preceded the vesting of the estate (1) in the Bishop of the Protestant Episcopal Diocese of Maryland, (2) or in the Presbytery of Baltimore, (3) or in the Church Home and Infirmary, and the two missionary societies.

The testatrix wished to have the mansion house and fifteen acres of land and the legacy of $10,000 devoted to some benevolent, charitable or educational use, but she was uncertain as to whether or not the donee would undertake her charitable purpose, and she was unwilling to give *before* it could be assured that the donee would assume the obligations imposed by her will upon the gift. Therefore, she submitted a *proposal* to the donee. The donor (testatrix) offered to give this land and legacy, provided and "on condition" that the donee first agreed to discharge the objects of the donation. The motive or *consideration* for this proposal is the donee's agreement to accomplish the plan of the donor. (*See B, supra.*)

This *proposal* to the donee vested no interest nor estate in the donee at the death of the testatrix. For any interest or estate to vest in the donee something had to be first done by the donee, *i. e.*, the donee must accept the gift, with its obligations. And the testatrix did not desire the donee to act hurriedly and she gave it time for deliberation. She required the donee to be notified by her executor of this devise and bequest, and allowed it one full year *to elect* whether or not it would accept and take possession of said *devise;* and the *usufructuary enjoyment* of said devise and bequest was not to commence until the donee did accept. (*See C, supra.*)

The testatrix never had any conception that the acceptance by the donee was not a contingency precedent to the vesting of any interest or estate under the *12th paragraph.* This is made emphatically clear by the first line of the 13th paragraph. ("*Should the above devise of said mansion house, ground and legacy of $10,000 aforesaid be accepted*"); and by the provisions of the 19th paragraph, which are made to de-

pend upon the acts of either of the donees "*after* having *ac-cepted* the devise of said mansion house grounds, of about fifteen acres of land, and bequests given them." And to create the conditions she used terms of art—"provided, there-fore;" "on conditions."

It thus appears that the acceptance of the devise and be-quest and the taking possession of the property devised are acts necessarily to be done *before* any estate or interest vests in the Bishop of the Protestant Episcopal Diocese under the *12th paragraqh* of the will; and that the act to be done (*i. e., to accept, after notice by executor*) has in addition the other characteristics of a condition precedent—(B) it being based upon a consideration (*i. e., the agreement of the donee to carry out the charitable uses declared by the will*); and (C) in allow-ing time for the performance of the acceptance upon which the usufructuary enjoyment begins (*i. e., the postponing of the possession of the property given until the acceptance of the devise by donee.*)

No *present* interest or estate is given under the 13th para-graph of the will to the bishop. The gift there is clearly and only on the conditions that the devise and bequest of the 12th paragraph be accepted, and effective steps be taken to establish the institution within the time limited. And these conditions must necessarily be fulfilled before any interest vests.

Under the 14th and 15th paragraphs of the will, the Pres-bytery of Baltimore takes nothing at the death of the testatrix. Before any estate is given to it under these 14th and 15th paragraphs, the prior conditions therein set forth must all necessarily first take place. The Presbytery cannot take, for instance, unless and until the bishop shall first decline the devise and bequest of the 12th and 13th paragraphs.

And, according to the scheme of the will neither the Church Home and Infirmary nor the two missionary societies take a cent at the death of testatrix. The contingencies which must necessarily happen before they are entitled to claim anything under the will are that *both* the bishop and the Presbytery first decline the devises and bequests contained in the 12th, 13th, 14th and 15th paragraphs.

That the conditions are precedent seems too plain for argument.

(b) Not estates on conditional limitations. If the conditions are precedent to the vesting of any interests under the will, then there can be no occasion for discussing the question of whether the will creates estates on conditional limitations. *Ex vi termini* a condition precedent to the vesting of an estate cannot, *at the same time*, vest an estate of conditional limitaions.

The term limitation has several meanings. It ordinarily means the conveyance of an estate, or the language which defines the character of the estate conveyed. But in a less usual sense, a limitation is an estate which extends to some certain or uncertain event. A limitation marks the period of the estate's duration by some certain or uncertain collateral event; that is, some event other than the one which according to the character of the estate fixes its natural expiration. Where an estate is on limitation, it runs out its existence to a predetermined boundary. An estate on condition exists where a condition designates some event which may cut short the estate before it reaches its termination. The happening of the event does not constitute the limit or boundary of the estate, but it is in derogation of the estate and terminates it before its reaches its regular or predetermined end.

A conditional limitation partakes of the nature of an estate on condition, and, also, of an estate on limitation. It is the creation of an estate on condition to one person, with a provision that on breach of the condition the estate is to pass to another person. It involves two estates; an estate on condition; and a limitation over on breach of the condition. An estate to A during widowhood creates a limitation; an estate to A (*a widow*), provided she does not marry, creates an estate on condition; and an estate to A (*a widow*), provided she does not marry, but if she does marry then to B, creates an estate on conditional limitations. (*Venable on Real Estate*, p. 118, 119; *Gray's Rules Against Perpetuities*, sec 32; 2 *Washburn on Real Property*, 27; (*459), 590, (*226), 673, (*288);

*Propr. &c.* v. *Grant*, 3 Gray, 146, 147, 148; *Goodeve's Modern Law of Real Property*, p. 167.

Conditional limitations and estates on condition are therefore exclusively those interests where the *primary* estate is vested. But where the condition is precedent the donee has no estate, but the mere possibility of an estate prior to the performance of the condition. *Venable,* 110.

This distinction is most important, and shows that, if the condition be precedent there can be no conditional limitations. The failure to observe this distinction caused the counsel and lower Court to rely upon 24 *Am. & Eng. Ency. of Law,* 2 ed., 453; 2 *Jarman on Wills,* *1646; *Hall* v. *Warren,* 9 H. L. Cases, 420; and *Pennington* v. *Pennington,* 70 Md. 437, as authority in this case. The doctrine invoked is thus stated by LORD HARDWICK, "I know no case of a remainder or conditional limitation over of a real estate, whether by way of particular estate, so as to leave a proper remainder, or to defeat an absolute fee before by a conditional limitation, but if the precedent limitation, by what means soever, is out of the case, the subsequent limitation takes effect." *Avelyn* v. *Ward,* 1 Ves., sen. 420, 422.

This may too broadly put the doctrine, but we recognize this as being substantially a correct statement of the law. 2 *Jarman on Wills,* *1646. The rule is only applicable, and is expressly limited by LORD HARDWICK to *estates* in remainder or on conditional limitations. It has nothing whatever to do with conditions precedent, which belong to another and distinct title of the law which is separately considered by Mr. Jarman. Ch. 27, vol. 2. The context both of Mr. Jarman and the Encyclopedia shows that they were not dealing at all with conditions precedent.

And so the case of *Pennington et al.* v. *Pennington,* is one where there is no condition precedent. 70 Md. 418. And the Court announced the correct rule that the mere lapse of intervening *estates* will never be allowed to defeat the remainder over, unless those estates be coupled with conditions upon which the subsequent limitations are in some way made to

depend. Likewise the case of *Hall* v. *Warren*, 9 H. L. C. 420; 4 K. & J. 603.

But whenever the words plainly import a condition precedent being contemplated by the testator before the estate is to vest, the Court has no power to ignore the testator's clear intention and the condition is held precedent. 1 *Roper on Legacies*, *751, *754; 2 *Wms. on Exrs.*, *1136, 1333.

In short, where it appears that the testator intended to require the thing prescribed to happen before the vesting of his gift, it is a condition precedent; and there is no authority to the contrary. 2 *Jarman on Wills*, *842, *850, *845; 2 *Wms. on Exrs.*, *1136, *1137 (582, 583.)

In this case, the apt terms used; the personal acts, dependent on the will of the donee, required before any estate can vest, and the whole testamentary purpose and scheme of disposition, evidence that the conditions prescribed were intended to be literally and exactly fulfilled before any interest could arise.

III. When the condition precedent consists of several terms *all* must be performed before the estate vests. 2 *Redfield on Wills*, *284, p. 7.

IV. Chancery follows the law and it is beyond the scope of authority to vest an estate when by reason of a condition precedent it will not vest at law. And this is true no matter how unjust or incapable of performance that condition may be. *Schouler on Wills*, secs. 598, 599; *Boyce* v. *Boyce*, 16 Sim. 476, 480; *Davis* v. *Angel*, 4 DeG. F. & J. 524, 528; *Earle et al.* v. *Dawes et al.*, 3 Md. Ch. 230.

V. Where the condition is precedent it must be strictly and literally performed before a devise of real estate can vest. *Earle* v. *Dawes et al.*, 3 Md. Ch. 230. And if the condition be precedent, the estate in land will not vest, even though the condition cannot be performed or fulfilled:

(a) Because the condition at the time of its creation is, or subsequently became, *impossible*. As a gift to A on condition that he go to Rome in three hours; or on the condition that A marry B in three months and B dies in two months without

marrying A. 2 *Jarman on Wills*, *850; *Theobald on Wills*, 6 ed., 547; 2 *Redfield on Wills*, p. 284; *Schouler on Wills*, sec. 599, p. 697; *Sprigg* v. *Sprigg*, 2 Vern. 294; 1 *Roper on Legacies*; *754; *Earle* v. *Dawes et al.*, 3 Md. Ch. 230, 233.

And so when A starts on the performance of the condition precedent and is prevented from fulfilling it by an act of God, or by the act of testator. *Friestly* v. *Holgate*, 3 K. & J. 286, 288. *In re Harris, Fitzroy* v. *Harris*, W. N. (1891) page. 76; *Tulk* v. *Houlditch*, 1 V. & B. 244.

(*b*) Because the condition fails of performance for any cause. As where the donee knew nothing of the death of the testator, the fact of the gift, or the nature of the condition; and so failed to perform the condition precedent. *Burgess* v. *Robinson*, 3 Mer. 7; *Davis* v. *Angel*, 10 W. R., 722; 31 Beav. 223; 2 *Redfield on Wills*, *307; *Stark* v. *Condon* (Wis. 1898) 76 N. W., Rep. 600; *Hawkes* v. *Baldwin*, 9 Sim. 355; *Schumaker* v. *Grammer*, (Ill.) 65 N. E. R. 722; *Brown* v. *Ferren*, (N. H.) 58 Atl. R., 870; *Goff* v. *Pensenhafer*, Ill., 200, 207, 209; *Merrill* v. *Wisconsin Female College*, 74 Wis. 415.

(*c*) Or because the condition is void in requiring (1) either an *illegal act;* (2) or one opposed to public policy; (3) or one conflicting with a rule of property. 1 *Roper on Legacies*, *754; *Schouler on Wills*, sec. 599, p. 697; 2 *Redfield on Wills*, *284; *Robinson* v. *Wheelwright*, 6 De Gex., M. & G., 535; *Theobald on Wills* (6 ed.), 547; 2 *Jarman on Wills*, *849, *852; *Venable on Real Property*, 112.

VI. While an impossible condition precedent or one *malum prohibitum* avoids the devise of *land* depending upon it, yet, *with respect to personal property*, the law now follows the rule of the civil law, which makes no distinction between conditions precedent and subsequent. Hence when a gift of personal property is made dependent upon condition precedent, which becomes impossible, the bequest will be held discharged of the condition and will at once vest and become absolute. 1 *Roper on Legacies*, *755, *749, *770; 2 *Wms. on Exrs.*, *1128; 2 *Jarman on Wills*, *832 (15); 2 *Redfield on Wills*, *287. *Schouler on Wills*, sec. 599, p. 697, n. 4; *Reynish* v. *Martin*, 3 Atk. 330, 332; *Theobald on Wills* (6 ed.), 547.

(*a*) But this rule is, however, subject to the important *qualification* that when the performance of the condition forms the consideration or motive for the gift, the failure of such performance for any cause will defeat the bequest. 2 *Redfield on Wills*, \*286; 2 *Jarman on Wills*, \*853; 2 *Wms. on Exrs.*, \*1128.

Illustrations of this *qualification* are found where the testator requires the performance of some precedent personal act by the donee (*a*); or that the donee survive another (*b*); or where the impossibility of the performance of the condition was unknown to the testator (*c*). (*a*) *Neal* v. *Hanbury*, Prec. in Ch. 173; *Burgess* v. *Robinson*, 3 Meriv. 7; *Tulk* v. *Houlditch*, Ves. & Beav. 248, 259; (*b*) *Wing* v. *Angrave*, 8 H. L. Cases, 215; (*c*) 2 *Jarman on Wills*, \*853.

*Acceptance* by the Bishop of the Protestant Episcopal Church of the devise and bequest in the *12th paragraph* of the will was the motive or consideration for the gift. This acceptance was of primary importance in the contemplation of the testatrix when she made the will, as she did not wish the donee to to take before it had signified its willingness to carry into effect the *charitable* objects of the testatrix, and, in the event the donee did not accept, she proposed to make another gift. And the indispensable nature and primary importance of this condition precedent in the mind of the testatrix at the time of the execution of the instrument is shown by the *13th paragraph*, wherein the testatrix stipulates that the donee takes nothing thereunder, unless and until it first accepts the gifts under the *12th paragraph*.

Accordingly, if the conditions precedent are void, the consequences are the same here with respect not only to the real estate but likewise to the personal estate of the testatrix.

VII. When the first estate depends upon a condition precedent, which is impossible or illegal so that the first estate never vests, the estate over will fail, also, as being dependent upon that of the first donee. *Beach on Wills*, sec. 222, p. 407, 408; 2 *Redfield on Wills*, \*286; *Boyce and Boyce*, 16 Sim. 476; *Philpot* v. *St. George's Hospital*, 21 Beav. 134; *Roundel*

v. *Currer*, 2 Br. C. C., 67; *Doe* v. *Shipphurd*, 1 Doug. 75; *Dicken* v. *Clark*, 2 Y. & C. Ex., 572.

An illustration of the present unbending application of the rule by the Courts is found in the fact that the Legislatures of California, Dakota, Montana and Utah have passed laws relieving gifts from the bar of conditions precedent unless the condition precedent was the sole motive thereof, and the impossibility was unknown to the testator, or arose from an unavoidable event subsequent to the execution of the will.

It has been shown, we submit:

(1) That the conditions of the will are conditions precedent to the vesting of each successive gift.

(2) That the nature of the conditions is such as to make them conditions precedent to the vesting of both real and personal property.

(3) That if these conditions are either impossible by any reason whatsoever, or illegal, no estate can rise.

(4) That if the conditions are illegal, the law does not consider whether the conditions are actually fulfilled or not, as performance or non-performance is entirely immaterial.

The next matter for investigation is the nature of the conditions precedent. *If they are impossible or illegal, no estate will arise, and there is a case of total intestacy.*

VIII. The conditions precedent are impossible and illegal.

The *first condition precedent* is that the "Bishop of the Protestant Episcopal Diocese of Maryland, and his successors in office, a body corporate of the State of Maryland" shall accept the devise and bequests in the 12th and 13th paragraphs as therein specified.

This is impossible of performance.

(*a*) Because there is no such corporation in existence.

(*b*) Because the will creates a trust, which is void for uncertainty.

(*c*) Because the will creates a trust which is void because it is a perpetuity.

(*a*) There is no such body corporate as the "Bishop of the Protestant Episcopal Diocese of Maryland and his successors

in office;" and the misnomer is not cured by any facts and circumstances in this record making certain the identity of the corporation intended.

(*b*) On the assumption that the donee is a specifically named corporation, *the will creates a trust which is void for uncertainty.*

"If it be apparent from the whole will that a trust was intended to be established, then the uncertainty as to the objects or subjects of that trust will not indicate there was no intention to raise a trust, but the uncertainty will avoid the trust attempted to be founded." *Pratt* v. *Sheppard, etc., Hosp.*, 88 Md. 627. In this will nothing is given until the donee *agrees to accept* the devise and bequest in the *12th paragraph* on the condition that it will *establish* on the mansion house property, with its fifteen acres, and there *permanently* "maintain an institution designed for *benevolent, charitable or educational purposes only*, to be effectually conducted and maintained under the *auspices* of said Protestant Episcopal Diocese of Maryland." And when these "charitable, benevolent or educational purposes" are effectually established within a year, the residue of the estate is given *to be used and applied by the donee* "to the use, benefit, support and annual maintenance of such an institution as shall be established on said property." And by the 19th paragraph of the will it is explicitly stated that the devise and bequests are for the purpose of having the donee *establish* and carry *on* this benevolent, charitable or educational institution on the home property of the testatrix, and, if the donee should, at any time, fail to faithfully execute the purposes of the will, it should lose the property.

Here, we submit, is a clear trust. Property is given to the donee, but not for its own enjoyment and use. The usufructuary enjoyment is in the beneficiaries contemplated by the testatrix. On the property given an institution must be established; and, when established, it is to be maintained by the funds supplied by the residue of the estate of testatrix; and the beneficiaries of the trust are those who might be benefited at the benevolent, charitable institution which the donee must establish.

Inasmuch as this trust is for *some charitable, benevolent or educational purpose* its object is too vague and uncertain to be carried into effect; and its beneficiaries are unascertained, and the trust, therefore, is void.   *Church Extension case* v. *Smith*, 56 Md. 396, 397; *Maught* v. *Getzendanner*, 65 Md. 537; *Rizer* v. *Perry*, 58 Md. 115; *Henry Watson Ch. Aid Soc.* v. *Johnston*, 58 Md. 142; *Dulany* v. *Middleton*, 72 Md. 72; *Gambel* v. *Trippe*, 75 Md. 254; *Yingling* v. *Miller*, 77 Md. 108; *Needles* v. *Martin*, 33 Md. 614; *Wilderman* v. *Mayor, etc.*, 8 Md. 555; *Trustees* v. *Jackson Church*, 84 Md. 177.

(*c*) Proceeding upon the hypothesis that the donee is properly designated, the trust creates a perpetuity.   The trust created is intended to perpetually continue on the land devised. The mansion house, with its fifteen acres, is devoted by express command to a benevolent, charitable or educational institution to be there established; and after the trustee carries out this trust it must ever after remain *extra commercium*. By reference to the provisions of the nineteenth paragraph it is seen that this land is to be used *continuously* and *permanently* for the purpose of the trust, and so may remain, *as testatrix intended, extra commercium* beyond the period allowed by law· *Missionary Society* v. *Humphreys*, 91 Md. 131; *Trinity M. E Church* v. *Baker*, 91 Md. 572; *Barnum* v. *Barnum*, 26 Md. 173; *Carne* v. *Long*, 2 DeG. F. & J. 75; *Thomas* v. *Shakespeare*, 1 DeG. F. & G. 399; *Gray on Perpetuities*, sec. 629.

Thus it is seen that the donees under the 12th to 15th paragraphs could not perform in law *(no matter what they did in fact)* the conditions precedent, which were void by reason of infringing positive rules of law (*malum prohibitum*).   Hence, *in law*, the conditions precedent are not, and never can be complied with; and the gift over to the Church Home and Infirmary and Missionary Societies cannot arise under the express provisions of the will, and there is a case of total intestacy, with the real estate going to the heirs and the personalty to the next of kin.

*Second: A gift over is void where it is too remote because of the rule against perpetuities.*

I. No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest.

(*a*) This rule against perpetuities governs both legal and equitable interests, and interests in both realty and personalty.

(*b*) The rule applies to a will which makes limitations too remote even if the gift over is to parties who, if the gift had been to them, immediately, they would have been entitled to receive it.

(*c*) And the question of remoteness is determined from the time of the death of the testatrix, and not of her will.

(*d*) And the application of the rule is not affected by what will happen, or what has happened, the test is whether or not it may by any possibility extend beyond the period. *Gray's Rule Against Perpetuities*, secs. 201, 202, *et seq.*, 231; *Barnum* v. *Barnum*, 26 Md. 171; *Thomas and Pennington* v. *Gregg et al.*, 76 Md. 176, 174; *Biscoe* v. *Biscoe*, 6 G. & J. 235; 22 *Am. & Eng. Ency. of Law*, 2 ed., 707.

These rules of law are applicable to the following facts: The Church Home and Infirmary and the two missionary societies are not to take until and unless the two previous donees do not accept the devise and bequests alternately made to them. These are the *conditions precedent.* The question remains *within what time these conditions may happen.* Dr. Hering is made executor and is alive at death of Miss Longwell. His life, therefore, is the *life in being.* But the testatrix provides that upon the death of her executor, Dr. Hering, the Orphans' Court of Carroll County may carefully choose and appoint an administrator *cum testamento annexo*, or *de bonis non cum testamento annexo*, and such administrator shall have power to carry out all the provisions of her will as fully as her said executor is authorized to do the same.

Therefore, another life, and one (*it may be*) not in being, is introduced with all the plenary powers of the life in being, Dr. Hering. And what the life in being, Dr. Hering, may fail to do in his life the other life, upon his death, *although* (*it may be*) *not in being at death of testatrix*, has full power to do.

The first donee must accept the devise and bequest to it within one year from the date of its notice by Dr. Hering as executor (*the life in being*) or from the date of its notice by the administrator appointed at his death (*the life (possibly) not in being at death of testatrix,*) whichever might happen to give it. And it is important to note that the testatrix leaves to the discretion of her executor, and to his successor in office and powers, the *fixing of the date of the notice.* The testatrix names no time within which this indispensable notice must be given. She probably thought the situation of her estate as to distribution would be the guide.

Therefore no time is fixed for *either* of these notices. Everything is left in the discretion of the executor and his successors in office. Consequently at the death of the testatrix it was impossible to assert or to know that the conditions precedent to the taking of title by the Church Home and Infirmary and the missionary societies would take place within the time defined by the rule against perpetuities.

*Randolph Barton* (with whom were *James M. Ambler, Robert H. Smith* and *Gibson & Smith* on the brief), for the Domestic and Foreign Missionary Society et al., appellees.

It is entirely wrong to suppose that either the Bishop, &c., or the Presbytery, &c., must affirmatively state that they refuse to accept the devise. By paragraph 16 it is provided "in case neither of said corporations (Protestant Episcopal or Presbyterian) shall accept said devise or bequest, &c., &c."

Inaction, therefore, was as effective to vacate the bequest as positive action was. If our contention is right and the principles of "misnomer" can be applied, then the objection to the validity of the claim we represent falls to the ground.

But suppose that on this point (misnomer) the next of kin are right and we are wrong, is it true that the claims of the Church Home, Domestic and Foreign Missionary Society and Board of Foreign Missions are lost because an intermediate non-existent devisee or legatee has been named. Is there any condition precedent upon which their rights depend?

We insist that the gifts prior in order to those we represent, are to be classed as conditional limitation, not conditions precedent. *Pennington* v. *Pennington*, 70 Md. 436; *Hall* v. *Warren*, 9 H. L. C. 420; 24 *A. & E. Ency.*, 453.

The lower Court understood the contention to be that the provisions of the will by which the property was given to the Bishop, &c., and then alternatively to the "Presbytery" &c., were invalid if for no other reason, because a trust was created impossible of performance, and the rule against perpetuities is violated.

It would certainly seem that this objection is answered as follows:

(*a*) If the gift to the Bishop, &c., is invalid because no corporation of the name exists, then we need not consider the question of a trust.

(*b*) If the gift was not invalid, because of the misnomer, still we need not consider the trust question, as the gift was declined and nothing under that provision of the will comes into operation.

(*c*) If the gift devolved upon "the Presbytery," &c., again we need not consider the question of the trust because it also declined the gift.

(*d*) But no trust was in fact intended and none was created.

(*e*) Then if the objection is leveled at the gifts to the Domestic and Foreign Missionary Society and the Board of Foreign Missions, &c., again it is to be said that no trust was in fact intended and none was created. The gift was to these two institutions "for the purpose of their respective organizations."

In a certain sense every dollar given to these corporations is in trust that they will use the money for the religious purposes for which they were created. But this is not the kind of trust which is in contemplation when the subject is discussed. But no trust was intended. *Bennett* v. *Humane Imp. Socy.*, 91 Md. 22.

*Thomas A. Murray*, for Joshua W. Hering, Executor.

SCHMUCKER, J., delivered the opinion of the Court.

The single issue presented for our consideration by this appeal is the proper construction of certain portions of the last will of Miss Sallie Longwell late of Carroll County. There is no dispute as to the facts of the case, all of which are set out in an agreement of counsel appearing in the record.

Dr. Joshua W. Hering, the executor named in the will, having duly qualified as such, proceeded with the administration of the estate, in the Orphans' Court, to the extent of paying the debts of the deceased and the legacies given by the first eleven clauses of her will and passing his first administration account. He then filed, in the Ciruit Court for Carroll County, the bill in the present case for the purpose of procuring a construction of the twelfth to nineteenth clauses, inclusive, of the will and completing the administration of the estate under the jurisdiction of that tribunal.

All parties claiming any interest under those clauses, and also the heirs at law and next of kin of the testatrix were made defendants to the bill and answered it and submitted their rights to the Court for determination. As the clauses of the will to be construed are somewhat voluminous we will state only their purport and effect, with such quotations from their language as we deem pertinent, leaving it to the reporter to insert their full text in his report of the case.

The 12th clause of the will gives to "the Bishop of the Protestant Episcopal Diocese of Maryland and his successors in office, a body corporate of the State of Maryland," a large brick mansion with its curtilage of fifteen acres, lying in the city of Westminster, and also a pecuniary legacy of $10,000, on condition that the devisee shall within one year from due notice to it accept the devise and bequest and proceed to establish on the devised land and permanently maintain an institution designed for benevolent, charitable or educational purposes only; to be permanently conducted and maintained under the auspices of said Protestant Episcopal Diocese of Maryland.

The 13th clause provides that if the above devise of the

mansion house and the legacy be accepted and effective steps be taken to carry out its purposes the residue should go to the same devisee for the same purposes.

The 14th clause provides that if said corporation of the Protestant Episcopal Church of Maryland shall "decline to accept" the devise and bequest within the time limited, then the mansion house and legacy shall go to "the Presbytery of Baltimore" upon the same conditions except that, in that event, the institution provided for is to be conducted under the auspices of the Presbytery.

The 15th clause is similar in terms to the 13th except that it gives the residue of the estate to the Presbytery of Baltimore on the compliance by it with the conditions of the 14th clause.

The 16th clause declares, that if "neither of said corporations (Protestant Episcopal or Presbyterian) shall accept said devise and bequest" so given to them respectively within the time limited, that the devise and bequest including the gift of the residue of the estate shall be void and of no effect, and directs the executor in that event to convert into money the subject of the devise and bequest including the residue of the estate and to pay, out of the proceeds, three legacies which are enumerated in the next two clauses as follows:

In the 17th clause the first of the three legacies is given to the Church Home and Infirmary of Baltimore City, being one of $5,000 to endow a bed according to the custom and purpose of that institution; and

In the 18th clause the entire residue of the estate, "not hereinbefore devised, bequeathed or made void" is equally divided between the Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America, and the Board of Foreign Missions of the Presbyterian Church in the United States of America, the portion taken by each corporation to be applied to the purposes of its organization.

The 19th clause provides that if the Episcopal Diocese or the Presbytery of Maryland shall accept the gift of the mansion house and grounds and at any time thereafter fail to

effectively maintain thereon the institution provided for in the gift, or divert the property to other uses or abandon it, the entire gift to such devisee shall become void and the property which formed the subject of the gift shall go in equal shares to the two corporations mentioned in the 18th clause. As there was no acceptance by either the Diocese or the Presbytery of the devise and legacy given to them alternately in the manner above mentioned the limitation ever made by the 19th clause never became operative and that clause of the will requires no further consideration at our hands.

It appears from the record that there is no such corporation as The Bishop of the Protestant Episcopal Diocese of Maryland, but there is one known as "The Convention of the Protestant Episcopal Diocese of Maryland" which formally declined in writing to accept the devises and bequests of the will upon receipt of notice thereof from the executor as did also the Bishop of the said diocese who is *ex-officio* president of the convention. It further appears that there is no such corporation as the Presbytery of Baltimore but there is one known as "The Trustees of the Presbytery of Baltimore" which formally declined the devises and bequests of the will upon receipt of notice thereof from the executor.

The Church Home and Infirmary of Baltimore City, and the Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America and The Board of Foreign Missions of the Presbyterian Church in the United States of America are duly incorporated and capable of taking the legacies given to them respectively under the will, if those legacies are valid.

Two codicils were made by the testatrix. By the first codicil a few small legacies were given to persons therein named, but by the second one all of those legacies were revoked and no others given, so that the one codicil annulled the other and the will comes before us for construction as if no codicil at all had been made.

The case having come to a hearing below in due course, the Court passed the decree appealed from in which it determined

that, by the true interpretation of the will, the devise and be-
quest thereby made respectively to the Church Home and In-
firmary of Baltimore City, to the Domestic and Foreign Mis-
sionary Society of the Protestant Episcopal Church in the
United States of America and to the Board of Foreign Mis-
sions of the Presbyterian Church in the United States of
America are valid and have now become effective through the
declination of the prior legatees and that the said corporations
are capable in law of taking and receiving them.    The decree
also directed that the further administration and the distribu-
tion of the estate be made accordingly, by the executor, under
the direction and supervision of the Circuit.Court.

We think the learned Judge below arrived at the correct
conclusion as to the true meaning and operation of the will in
question.    The contents of the will plainly disclose the pur-
pose of the testatrix, who was an aged spinster with no rela-
tives nearer than cousins, to devote her entire estate to the
promotion of education, charity and religion.    By the clauses
of her will preceding the twelfth she had already given eight
separate pecuniary legacies, amounting to $31,000 in the
aggregate, to religious or educational institutions.    By the
12th and later clauses, of which we have stated the substance,
she made detailed and careful provisions for the application of
the residue of her estate to similar purposes.    The only pro-
vision made by the will for relatives was one contained in the
second clause for the benefit of her mother in the event of her
surviving the testatrix.    As the mother predeceased the tes-
tatrix that provision never became operative.

It is equally clear to our minds that by the clauses of her
will now in controversy the testatrix for the purpose of carry-
ing out the general intent of her will provided a series of in-
dependent alternative or substitutional devises and bequests
so that her purposes might not fail of execution by the neglect
or refusal of one or even two of the associations which she
had selected to receive and utilize her bounty.    In *Jarman on
Wills*, vol. 2, p. 1645, it is said that it cannot be doubted that
"an executory gift, made to take effect on the prior devisee's

neglect or refusal to accept the devise or perform some other prescribed act, would take effect, notwithstanding the object of the prior gift never happens to come into existence, such a contingency being implied and virtually contained in the event described." And this Court speaking through the late CHIEF JUDGE ALVEY in *Pennington* v. *Pennington,* 70 Md. 436–7, said, "the principle is that as the preceding executory or contingent limitations have failed to arise or take effect (and whether it be by the death of the devisee in the lifetime of the testator or the non-existence of such devisee the consequence is the same) the remainder over will nevertheless take effect, the first estate being considered only as a preceding limitation and not as a preceding condition to give effect to the subsequent limitation, * * * for as was declared by LORD HARDWICKE in *Avelyn* v. *Ward,* 1 Ves. Sr. 420; if the precedent limitation, by what means soever is out of the case, the subsequent limitation takes place." For a similar statement of the law on this subject and reference to the cases, supporting it see 24 *A. & E. Encycl. of Law,* 453.

Applying the principle, thus clearly stated, to the case before us and treating the two gifts made by the 12th, 13th, 14th and 15th clauses of the will as preceding limitations, as the testatrix doubtless intended them to be, to the three subsequent gifts over made by the 16th, 17th and 18th clauses, and not as preceding conditions to give effect to those subsequent gifts, we have the precise situation to which the principle is intended to apply. The two earlier alternative gifts having failed to take effect (whether by the neglect or refusal of both devisees to accept the gifts offered them or by the non-existence of one devisee and the failure of the other to accept is immaterial), the subsequent gifts over to the Church Home and Infirmary and the two missionary societies take effect.

Both the general intent of Miss Longwell, to devote her entire estate to charitable, religious and educational purposes, and her particular intent to provide, by substitutional gifts over, against a failure of any portion of her plans through the inaction or non-existence of the devisees of her first choice, are

so plainly manifested by her will as to render especially appropriate to this case what we have said *In re Stickney's Will*, 85 Md. 102. "While in the books there may be found much learning and many nice distinctions in the law relating to conditions precedent and subsequent, yet in the construction of wills we should constantly keep in mind the great object in cases like this, which is to ascertain the testator's intention, and having discovered that, to declare and enforce it if consistent with the rules of law. The question as to whether certain words create a condition precedent or subsequent is generully one of intention, and this is especially so when the condition is annexed to a devise or bequest." * * "Courts are averse to construing conditions to be precedent when they might defeat the vesting of estates under a will." *Pennington* v. *Pennington, supra,* "and especially is this so in regard to residuary bequests." *Dulaney* v. *Middleton,* 72 Md. 75.

The contentions made on the learned and elaborate brief of the appellants, however sound they may be as legal propositions, should not in our opinion be permitted to control the present case. We have already adverted to as unsound the contention that the first and second gifts made by clauses 12 to 15 inclusive of the will should be considered as conditions precedent to give effect to the limitation over to the Church Home and the two missionary societies, and have stated that in our opinion those earlier gifts should be regarded as preceding executory or contingent limitations of the property given by them within the meaning of the authorities cited by us, and that their failure, for any reason, to take effect did not render inoperative or avoid the subsequent limitation over of the same property.

Nor can we yield our assent to the appellant's next contention that the gifts over to the Church Home and the missionary societies are void as being too remote because of the rule agoinst perpetuities. It is stated in the agreement of facts appearing in the record that all three of those legatees· are duly incorporated and capable of taking the gifts·made to them respectively under the will if they have been validly

given and are sustainable at law. The legacies to the two missionary societies which are foreign corporations having been distinctly given to be used and applied by each corporation for its corporate purposes belong to a class which have frequently been sustained by this Court. *Church Extension Socy.* v. *Smith,* 56 Md. 389; *In re Stickney's Will,* 85 Md. 79; *Woman's For. Miss. Socy.* v. *Mitchell,* 93 Md. 199.

We also think that the gift to the Church Home and Infirmary "to endow a bed according to the custom and purpose of said institution" was a valid one. The mere fact that it was by the terms of the will to be applied to a particular clear and well defined object plainly within the sphere and function of the institution has been several times held by us not to avoid a gift which would have been good if it had been made to the same institution for its general corporate purposes. *Eutaw Baptist Church* v. *Shively,* 67 Md. 494; *Halsey* v. *Convention of P. E. Church,* 75 Md. 275; *Hanson* v. *Little Sisters of the Poor,* 79 Md. 434; *Woman's For. Miss. Socy.* v. *Mitchell, supra.*

The record before us does not in our opinion present a state of facts falling within the appellant's third contention that "if the rejection of a part of a will on account of its invalidity destroys the general testamentary purpose the void and valid portions will both fail." There has been no rejection of any part of the will in this case.

The appellant's final proposition is that a partial intestacy results from the inadequacy of the 18th clause of the will to pass the entire residue of the testatrix estate. The description of the subject of the gift there made is "all the residue and remainder of my entire estate, not hereinbefore devised and bequeathed or made void as aforesaid." This language may be regarded as not being exact or felicitous, but, in view of the evident general intention of the testatrix to devote her whole estate to the worthy objects already adverted to, and the manifest efforts made by her not to die intestate as to any part of her property, the description there adopted by her must be held to have been adequate for the purpose for which

it was obviously intended, and to have included all of her estate which had not been disposed of by the previous clauses of her will.

The appellant's brief, creditable as it is to its authors, presents neither any rule of interpretation nor principle of law preventing us from giving full effect to the generous and worthy purposes which controlled the testatrix in disposing of her estate, and we will affirm the decree appealed from.

> *Decree affirmed costs to be paid out of the estate.*