The bill set forth the charter of incorporation of Davidson College, and plaintiffs' authority as trustees under the same, to receive sums of money due and owing, or in anywise arising, to them; that by the will of Maxwell Chambers, legacies to a large amount, were bequeathed to them, and that assets to an amount sufficient to pay and discharge the same, had come to the hands of the executors; and prayed that the defendants might be decreed to pay over the same.
The defendants admitted the bequests, and professed a willingness to pay the same, but adverted to the provision in the charter of incorporation, limiting the amount of the plaintiffs' property to two hundred thousand dollars. They stated that the amount of the said legacies, added to the amount already owned by the plaintiff, would largely overgo two hundred thousand dollars, and that they deemed it unsafe for them to pay more than that sum, unless so directed by the Court. They accordingly prayed the advice and protection of the Court in the premises.
The cause was set down for hearing upon the bill, answer, and exhibit, and sent to this Court by consent, and was heard at June Term, 1856.
After giving to the able argument with which *Page 254 
we were favored, full consideration, we are satisfied, that the heirs-at-law and next of kin of the testator, ought to be parties to this proceeding, and that the State and trustees of the University should also be represented, in order to have the matter presented in all its bearings, so that the action taken in regard to it may be conclusive.
Without intending to intimate any opinion, and, in fact, without having formed any, it may be well at this time to make some general remarks, for the purpose of directing attention to the questions that may be involved, as well as to show the ground upon which we think other parties ought to be made.
If a corporation has capacity to take, but not to hold, property, and a gift be made to it by an "executed conveyance," in an action or other proceeding to recover the property, the donor, or in case of his death, his heirs or next of kin are not necessary parties; for they have no interest, inasmuch as the capacity of the corporation to take, gives effect to the conveyance, so that the title has passed to the corporation. Nor is it necessary that the sovereign, who becomes entitled under the law offorfeiture, as distinguished from escheat, should be a party; for that title does not attach until after the corporation takes the property.
On the other hand, if the corporation has neither capacity to take norto hold, a conveyance made to it is simply void, and the title continues in the donor.
These propositions seem to be conceded; but it may be a question whether there is not a distinction between a conveyance executed intervivos, and a devise or will, where the corporation, which is the object of the testator's bounty, although capable of taking, is not capable ofholding beneficially; and whether the Court will not treat the devise or bequest as void, at the instance of the heir or next of kin, rather than permit the corporation to be used as a mere "conduit pipe," to pass the title into a third party, upon whom it was not the intention of the testator to confer a benefit; in other words, whether *Page 255 
the principle of Atkins v. Kron, 2 Ire. Eq. 58, be not applicable.
It may also be a question, how far the Acts of Assembly, which confer upon the University escheats and derelict personal estate, extend to estates which devolve upon the State under the law of forfeiture, because the donee has capacity to take, but not to hold.
In our case, the capacity of the college is restricted by a clause of its charter, in these words: "The property belonging to the college shall not at any one time exceed the amount of $200,000, c." This presents a question of construction, in which the heirs-at-law and next of kin of the testator may have an interest, as well as the State or the trustees of the University, and we cannot proceed without having them all before us.
The cause will be remanded for the purpose of making parties, unless they can be made here by consent.
PER CURIAM, Decree accordingly.
THE cause was remanded to the Court of Equity of Rowan, and in that Court the bill was amended, according to the suggestion of this Court, by making the next of kin and the heirs-at-law of Maxwell Chambers, parties defendant. Process was also issued to the Attorney General as the representative of the State, and to the trustees of the University.
Process was also served on several persons as heirs-at-law, but it appearing that they were not such, their answers were withdrawn.
Most of the heirs-at-law live out of the State, and were not known to the counsel when the pleadings were sent up. It not being essential to a proper consideration of the case that they should be before the Court, the cause proceeded without them.
The answer of the next of kin was filed, not dissenting from any allegation of fact made by the plaintiffs, and submitting to such decree as the Court might think just and proper.
The cause was set for hearing and sent up by consent.
An Act of Assembly passed at the last session of the Legislature, *Page 256 
extending the corporate capacity of the plaintiffs, so as to enable them to hold property to the amount of $500,000, and relinquishing to the plaintiffs any interest which the State or University might have in the fund, was agreed to be considered as regularly pleaded.
The cause was again argued at December Term, 1856.