## JOHN S. WATERS *v.* ORDER OF THE HOLY CROSS.
[No. 48, January Term, 1928.]

*Decided April 13th, 1928.*

The cause was argued before BOND, C. J., ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*W. Clinton McSherry,* with whom was *William T. Schindter, Jr.,* on the brief, for the appellant.

*Parsons Newman,* for the Order of the Holy Cross, appellee.

ADKINS, J., delivered the opinion of the Court.

Charles C. Waters, a member of the Bar of Frederick County, Maryland, by his will dated October 15th, 1919, after making provision for the care of his cemetery lot, devised and bequeathed the rest and residue of his estate as follows:

"All the rest, residue and remainder of my estate real, personal and mixed I give and bequeath unto my wife for and during her life or widowhood, she to have the interest, income and profits therefrom and after her death or remarriage, I give, devise and bequeath all of my estate, real, personal and mixed unto the Order of the Holy Cross, a corporation, to be a memorial to my dear son James Somerset Waters, and to be used by them at Thurmont, Maryland, for such educational and charitable purposes as they may deem proper and under the direction of the Bishop of Maryland. My present home and the grounds and other buildings is to be designated as the James Somerset Waters Memorial for religious and charitable purposes, under the direction and control of the Order of the Holy Cross."

The testator died on February 25th, 1926, and on July 29th, 1927, his executrix, the appellee in this case, filed a bill of complaint, in which she alleged the death of said testator, the execution and probate of said will, the granting of letters testamentary to her as executrix, the completion of her administration except as to the rest and residue of the estate, the incorporation of the Order of the Holy Cross (a certified copy of its charter being filed with the brief), her renunciation of all bequests and devises to her, and her election to take in lieu thereof her legal share of the estate; and then states that there is a question in her mind whether the Order of the Holy Cross, in keeping with its charter powers, can accept the residue of said estate, and asks the court to construe said will for the purpose of determining said question. The bill asks the court to take jurisdiction for this purpose, and prays process against the Order of the Holy Cross, and John S. Waters, who appears from the testimony to be the only heir of the testator other than the executrix, his widow.

The answer of John S. Waters neither admits nor denies that the "Order of the Holy Cross" is a New York Corporation. It alleges and avers, (1) that said corporation can-

not lawfully take and receive the residue of said estate or any part thereof, "for the reason that the object of the devise and bequest is not included in the corporate powers of said corporation; (2) that said will creates a trust which is void because the objects of said trust are uncertain; (3) that said defendant is the brother of the decedent, and the only next of kin and heir at law of said decedent except the plaintiff in this case, the widow. The answer prays that said residuary clause be declared null and void and of no effect.

In a supplemental answer said defendant alleges and avers "that the devise and bequest to the Order of the Holy Cross is void because there is a Maryland corporation of the same name as the New York corporation described in the bill of complaint," and he files a certified copy of the Maryland charter. In the answer of the Order of the Holy Cross, it says that it believes itself authorized to receive the portion of said estate devised and bequeathed to it, and that it is willing, in obedience to the express desires and wishes of the testator, to accept the same and designate and use it as a memorial to testator's son. It states its understanding to be, however, that by reason of the renunciation of the widow, a sale of the real estate will be necessary, so that what will ultimately come into the hands of this respondent by reason of said legacy will be personal estate. In the copy of the certificate of the New York corporation, the incorporators say:

"That we desire to form a society for the purpose hereinafter mentioned, in pursuance of an Act of the Legislature of the State of New York entitled, 'An Act for the incorporation of benevolent, charitable, scientific and missionary societies' passed April 12, A. D. 1848, and amendments thereto, and do hereby declare:

"First: The name by which the society is to be known is 'The Order of the Holy Cross.'

"Second: The objects for which the society is formed are missionary work among the poor, the improvement of the social condition of poor children, mutual religious improvement, the training of clergy and other missionary work, and the purchase, rental or acquisition of such real estate, or the

erection of such buildings as are necessary for the above mentioned purposes, and the principal place for conducting the business of the society is to be its Clergy House in the City of New York.

"(Note—The place of conducting the business has been changed to West Park, New York, where the monastery now stands.)"

The third clause gives the number of directors and managers and the names of those who are to act for the first year. The certificate appears to have been duly acknowledged. There is attached a certificate of approval signed by the president of the State Board of Charities.

In the copy of the certificate of the Maryland corporation, the incorporators certify "that we do under and by virtue of the general laws of this state authorizing the formation of corporations hereby form a corporation under the name of 'The Order of the Holy Cross' of Westminster, Maryland."

It appears from the testimony of the superior of the order that he had forgotten that such an organization as the said Maryland corporation ever existed; that they lived at Westminster for about fourteen years and during that time were carrying on their activities; that to the best of his knowledge and belief it never operated "except with reference to the use of property devised to us by the bishop for our use as long as we remained there—that is, the Order of the Holy Cross of New York." Witness was quite certain there is no other organization of the same name. On cross-examination the witness testified that while they were at Westminster the organization did not engage in work near Thurmont or anywhere else in Maryland because the bishop objected, but that it is now allowed to function in Maryland and frequently officiates here; that its activities extend all over the United States; that among its other activities it conducts three large schools for boys, which are not intended for the education of missionaries. No other witnesses testified.

The chancellor sustained the validity of the gift, subject to legislative sanction as to the realty. This appeal is from that decree.

The contention of appellant is that the Order of the Holy Cross, one of the appellees, is not entitled to take the residuum of this estate and that the residuary clause of said will is void and of no effect for the following reasons:

(1) Because the residuary clause creates a trust which is indefinite and uncertain as to its objects and violates the rule against perpetuities.

(2) Because it is uncertain whether "The Order of the Holy Cross", a New York corporation, or "The Order of the Holy Cross", of Westminster, Maryland, a Maryland corporation, is intended.

(3) Because the corporate powers of The Order of the Holy Cross, the New York corporation, do not include the capacity to receive gifts by devise and bequest.

(4) Because of laches on the part of "The Order of the Holy Cross", the New York corporation, in that it has failed to secure the sanction of the Legislature of the State of Maryland as required by Section 38 of the Bill of Rights.

We will consider these in order:

(1) We agree with the chancellor that no trust was created in this case. A gift to a corporation for any of its charter purposes is valid and is not assailable on the ground that it is a trust with indefinite objects. The facts of this case bring it well within the principle of *Baltzell v. Church Home,* 110 Md. 244; *Bennett v. Humane Society,* 91 Md. 10; *Trinity M. E. Church v. Baker,* 91 Md. 539; *Women's Foreign Missionary Society v. Mitchell,* 93 Md. 199; *Ege v. Herring,* 108 Md. 391; *Erhardt v. Baltimore Monthly Meeting of Friends,* 93 Md. 669; *Doan v. Ascension Parish,* 103 Md. 662; *Halsey v. Convention,* 75 Md. 275; *Hanson v. Little Sisters of the Poor,* 79 Md. 434; *Eutaw Place Baptist Church v. Shively,* 67 Md. 493; *Board of Foreign Missions v. Shoemaker,* 133 Md. 594.

In the first mentioned case, in which the opinion was written by Judge Boyd, it was said:

"The cases in this state fully establish the doctrine, that when property is left to a corporation for such uses as are within the scope of its corporate purposes, or the objects to

which the gift is to be applied are such as the corporation was organized for, then such gift cannot be declared invalid on the ground that it was in trust for indefinite objects, or in conflict with the rule against perpetuities, unless the intention to create a trust be clear."

How does the case at bar stand, tested by the above rule?

It is perfectly clear that the uses for which the property was given are such as are within the scope of the donee's corporate power, and that the object to which the gifts are to be applied are such as the corporation was organized for, and there is nothing to indicate an intention to create a trust. That the testator indicated the particular use to which the fund is to be applied does not invalidate the gift. *Trinity M. E. Church v. Baker*, 91 Md. at page 575; *Eutaw Place Baptist Church v. Shively, supra.*

Nor does the fact that it is to be a memorial, and used at a particular place, and under the direction of the Bishop of Maryland, invalidate it. *Women's Foreign Missionary Society v. Mitchell, supra.* Such requirements have been treated as conditions and not as creating trusts. And the place designated need not be one at which the donee was then operating, provided it was authorized to operate there. The cases cited by appellant in which trusts created for indefinite and uncertain objects have been declared void because of uncertainty and the violation of the rule against perpetuities have no bearing on the facts of the case at bar. Some expressions in *Church Extension v. Smith*, 56 Md. 362, which might seem to be in point, were not necessary to the decision of that case and have been disregarded in a long line of subsequent cases. In one of the cases cited, *Trinity M. E. Church v. Baker, supra,* the court distinguished very clearly between the class of gifts which must be held invalid, and gifts, similar to those in the present case, which should be, and were in that case, upheld.

The language of Judge McSherry in *Bennett v. Humane Society, supra,* may well be quoted here:

"It is obvious at the outset that the testator did not intend these contesting parties * * * to have any portion of

the estate which he left. His intention was that the legatee and devisee named by him should possess it. If that legatee and devisee does not get the property disposed of by this clause it will be because the testator's intention is frustrated. Ordinarily the task which devolves upon a court in dealing with the interpretation of a last will is to ascertain the testator's intention; and the duty then imposed is to give that intention effect, if possible; but in the pending controversy whilst the intention is apparent enough, the object of the proceedings avowedly is, not to give that intention effect, but to subvert and to disregard it altogether. There are of course instances where this 'has been done, because the rules of law imperatively required that it should be done; but when done, it has always been done with great reluctance. Courts are not, or ought not to be, astute in searching for a construction which nullifies a will if there are other equally reasonable interpretations which uphold it."

(2) In the absence of any evidence to show contrary intention, the testator must be taken to have meant the corporation which he accurately described in his will, viz: "The Order of the Holy Cross." This is the name of the New York Corporation as described in its charter. The name of the society which was incorporated in Maryland, as described in its charter, is, "The Order of the Holy Cross of Westminster, Maryland." This corporation, according to the testimony, ceased to function anywhere in 1904, fifteen years before the date of the said will. There is nothing in the record to show that testator ever heard of its separate incorporation. It was never anything more than a branch of the parent organization described in the will. If the testator ever knew of the local incorporation, it is reasonable to suppose that he knew of the practical abandonment of the organization when the residence in Maryland was abandoned in 1904.

The objection of lack of certainty as to the beneficiary intended seems to have been an afterthought, as it is presented in an amended answer. There is not a particle of evidence in the case to indicate that testator, a lawyer, con-

fused the New York corporation, which he designated by its correct corporate name, with the Maryland corporation of a different name. As a lawyer, knowledge must be attributed to him that, in designating a corporation as a beneficiary, its corporate name should be used. .

It is idle to argue that "of Westminster, Maryland" was not part of the corporate title of the Maryland corporation. At the time of its incorporation in 1892 the law of Maryland required that the corporate name "shall always include the name of the county or city in which it may be formed." Code 1888, art. 23, sec. 42. If this will is to be turned down on the alleged ground of uncertainty, it must be on mere speculation, without a particle of evidence to support it.

(3) This contention seems to be answered in *Re Stickney's Will,* 85 Md. 79, 104. In that case the question was raised whether the residuary legatee, the "Congregational Church Building Society," a New York corporation, had any corporate capacity to take more of the residuary bequest than a sum that would not exceed the annual income of ten thousand dollars. That society, it is stated in the opinion of the court, "was incorporated under the provisions of the New York act for the incorporation of benevolent charitable and missionary societies," passed April 14th, 1848. This court found in that case that said act permitted any such corporation to take, receive, purchase, and hold real estate for the purposes of the incorporation to an amount not exceeding the sum of $50,000 in value, and personal estate for like purposes, to an amount not exceeding the sum of $75,000 in value; provided the clear annual income of such real and personal estate did not exceed the sum of $10,000. The court also found that, under section 6 of said act, any such corporation is capable of taking any devise or bequest, the clear income of which devise or bequest shall not exceed the sum of $10,000, "provided no person leaving a wife or child or parent, shall devise or bequeath to such corporation, more than one-fourth of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of such one-fourth, and no such devise shall be valid

in any will which shall not have been made and executed at least two months before the death of the testator." This, it seems reasonably apparent, is the same act mentioned in the copy of the certificate of incorporation of appellee, filed in this case, although the date of the act is there said to be April 12th instead of April 14th, and the word "scientific" appears there between the words "charitable" and "missionary." We take it that these are clerical errors either in the copy of the certificate here filed, or in the opinion of the court as published.

A number of questions were argued in that case as to the effect of the provisions of said act. The court said: "But we will not undertake to pass upon these questions, interesting as they are, for assuming that the section in question limiting the power of this corporation to take, prevails in the State of New York, and that it may be recognized in other states, the plaintiffs and defendants who are here relying upon it to show a want of corporate power clearly have no standing for that purpose, in the courts of this State, since the decision of the case of *Hanson v. Little Sisters of the Poor etc.,* 79 Md. 440, for we there held that the legal capacity of a corporation to take property by devise or bequest in excess of the amount prescribed by its charter, cannot be taken advantage of by heirs at law or next of kin." The court further said this was in accordance with decision in *Jones v. Habersham,* 107 U. S. 174, that restrictions imposed by the charter upon the amount of property the corporation may hold cannot be taken advantage of collaterally by private persons, but only by the State in a direct proceeding instituted for that purpose. This court further said that it was the more inclined to follow the decision in the *Hanson* case because it was at least doubtful whether the courts of New York would enforce the statute in question as against a bequest found in the will of a Maryland testator, citing *Cross v. Trust Co.,* 131 N. Y. 348; *Hope v. Brewer,* 136 N. Y. 126; *Dammert v. Osborne,* 140 N. Y. 40: "In the case last cited it was held that there was no law that prohibited gifts to charity there by testators in other countries, or that require New York courts to reject

the gift because it might not in all respects be in conformity with the local law of that state. 'There are other statutes,' said the court, 'that invalidate testamentary gifts to certain corporations unless made within a certain time before death, when the testator has wife, child or parents. But these restraints applied to members of the political community from which the law emanated and not to persons in other countries where no such restrictions existed. Bequests by such persons to those corporations, without regarding the statutes referred to, would be good if valid at the domicile of the testator. Our law permits the citizens of other countries to dispense charities here in such measure as they wish, and according to such methods as their own laws prescribe."

The result of the decision in the *Stickney* case would seem to be:

(a) That the law under which "The Order of the Holy Cross" was incorporated permitted it to receive devises and bequests of real and personal property.

(b) That a devise of lands in Maryland to a foreign religious corporation will not be held invalid where the corporation is authorized by its charter to receive such devise.

(c) That it is at least doubtful whether the courts of this State, even in a suit instituted by the Attorney General for that purpose, would invalidate a devise and bequest in a Maryland will of real and personal property to a New York corporation to the extent of the excess of the amount of the devise and bequest over one-fourth of the value of the estate, where the testator left a widow or child, by reason of the proviso in section 6 of the New York law, there being no such limitation in the law of Maryland as to such gifts. Code, art. 23, sec. 275.

(d) In any event such a devise or bequest will not be invalidated at the instance of private persons.

(4) It is an essential element of laches that the party charged with it should have had knowledge or the means of knowledge of the facts creating his right or cause of action. 21 *C. J.*, sec. 242, p. 244; *Whitridge v. Whitridge,* 76 Md. 54; *Hunter v. Baker,* 154 Md. 307.

The legatee in this case is a non-resident corporation. There is nothing to indicate that any of its officers had any knowledge of the legacy until the bill of complaint was filed on July 29, 1927. There has been no session of the Legislature since that date. We see no necessity for establishing a rule so harsh that permitting, from oversight or otherwise, a single session of the Legislature to pass, would render a gift of this character invalid, even though no interest were prejudiced thereby. Certainly no one is shown to have been prejudiced in this case. *Von Lingen v. Field,* 154 Md. 638.

*Decree affirmed, with costs to appellees.*