**SIMLER v. WILSON et al.**

**No. 4656.**

United States Court of Appeals
Tenth Circuit.

Nov. 9, 1953.

Rehearing Denied March 3, 1954.
Writ of Certiorari Denied
April 26, 1954.

See 74 S.Ct. 681.

James E. Grigsby, Oklahoma City, Okl. (Leslie L. Conner, Charles W. Conner, Arnold B. Britton, and Phil E. Daugher-ty, Oklahoma City, Okl., were with him on the brief), for appellant.

Fred E. Suits, Oklahoma City, Okl. (Mary L. Weiss, Oklahoma City, Okl., was with him on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

With provisos not having any present material bearing, section 2, article 22, of the Constitution of Oklahoma provides among other things that no corporation doing business in the state shall buy, acquire, trade, or deal in real estate for any purpose except such as may be located in cities and towns and in additions thereto, and except such as shall be necessary and proper for carrying on the business for which the corporation was chartered or licensed. The Business Corporation Act of Oklahoma was enacted in 1947. Section 20 of the Act, 18 O.S.1951 § 1.20, provides that no corporation of any sort, whether coming within the general scope of the Act or not, shall, except as therein provided, take, hold, or own any real estate located in the state outside of any incorporated city, town, or addition thereto. The section further provides that nothing contained in the Act shall be construed as prohibiting the taking, holding, or owning of such real estate as is necessary and proper for carrying on the business for which any corporation was lawfully formed or domesticated in the state. And the section contains other provisions but they are not material here. Section 21, 18 O.S.1951 § 1.21, provides that any person who shall take or hold any real estate for the use or benefit of any corporation with the intent of evading the provisions of section 20 shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished as therein specified; and that any corporation which shall fail or refuse to file a statement as required by section 22 shall be deemed guilty of a misdemeanor, and upon conviction

thereof shall be punished as therein specified. Section 22, 18 O.S.1951 § 1.22, provides among other things that on or before the first day of April of each year every corporation holding or owning any real estate in contravention of the provisions of the Act shall file in the office of the county clerk of each county in which such real estate is located, a statement in duplicate containing the legal description of each tract, piece, or parcel of the land so owned and acquired; and that the statement shall be verified by the oath of an officer or duly appointed agent of the corporation. Section 23, 18 O.S. 1951 § 1.23 provides that any corporation owning or holding any real estate in violation of the provisions of sections 20 and 21 shall, in addition to other penalties provided by the Act, be required to pay, for each year, or fraction thereof, during which such title or interest is unlawfully held or owned certain civil penalties computed on the basis of a specified per centum of the assessed value of such real estate; that the state shall have a lien against any such piece, parcel, or tract of land unlawfully held or owned to secure the payment of the penalties, interest, and fees; and that upon collection, the penalties shall be paid into the Permanent School Fund of the state. And sections 24 and 25, 18 O.S.1951 §§ 1.24, 1.25 relate to the foreclosure of such liens.

By residuary provision contained in her will, Birdine Fletcher devised and bequeathed all of the rest, residue, and remainder of her property wherever situated to Mount Alverno Convent, of Maryville, Missouri, St. Francis Hospital of Maryville, Missouri, and St. Anthony Hospital, of Oklahoma City, Oklahoma. Sisters of St. Francis, a corporation organized under the laws of Missouri, owns and controls the three residuary devisees named in the will. The testatrix died in 1952, owning at the time of her death among other property a tract of land in Oklahoma containing 160 acres. The will was submitted to the county court of Oklahoma County, Oklahoma, for probate. A. J. Simler lodged objections to the probate of the will. The county court admitted the will to probate and Simler appealed to the district court. While the proceeding was pending on appeal, Simler, as surviving brother and sole heir of the decedent, instituted in the United States Court for Western Oklahoma this action against the executor of the estate of the decedent and Sisters of St. Francis seeking a declaratory judgment determining that the residuary devise in the will was void insofar as it related to the tract of land in Oklahoma for want of capacity of the defendant corporation to accept, receive, and own, such devise, and further determining that in respect to such real estate the decedent died intestate. The defendants filed a motion to dismiss the action. The State of Oklahoma, on the relation of the County Attorney of the county in which the land is situated, filed a motion for leave to intervene. A complaint in intervention accompanied the motion. In the complaint it was alleged that the devise of the real estate to the named devisees in the general residuary provision in the will was void and that such property should be escheated to the state. Holding that the question of the invalidity of the devise by reason of the incapacity of the defendant corporation to take or hold the real estate could be raised only by the state in a direct proceeding, and that plaintiff in his capacity as sole heir of the decedent was not the proper party to challenge the right of the defendant corporation to benefit from the devise in question, the court entered judgment dismissing the action and denying the application to intervene as there was no pending action subject to intervention. 110 F.Supp. 761. Plaintiff appealed.

■ A preliminary question concerning the jurisdiction of the trial court should be considered at the threshold of the case. Appellees contend that the subject matter of the action was not within the jurisdiction of the court. The substance of the argument in support of the contention is that under the law of Oklahoma, the county courts are

vested with exclusive jurisdiction and control of probate proceedings, subject only to the right of appeal to the district courts; that while probate proceedings are pending, the district courts do not have original jurisdiction to entertain a proceeding of this kind involving the validity of a provision in a will; and that therefore the court below was without jurisdiction of the subject matter of the action. It is the well recognized rule that where the district courts of a state, under their general grant of equity jurisdiction, do not have original jurisdiction to entertain in the first instance a proceeding equitable in character to construe a will, or to determine that a provision contained in a will is invalid as an effective disposition of property, a United States court in that state is without jurisdiction to entertain such an action; but that where the district courts of a state, in the exercise of their general grant of equity jurisdiction, are clothed with jurisdiction of the subject matter of an action of that kind, a United States court in that state has jurisdiction to entertain such an action if there is diversity of citizenship and more than three thousand dollars is in controversy, exclusive of interest and costs. Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664; Porter v. Bennison, 10 Cir., 180 F.2d 523, certiorari denied 340 U.S. 817, 71 S.Ct. 47, 95 L.Ed. 600; Rice v. Sayers, 10 Cir., 198 F.2d 724, certiorari denied 344 U.S. 877, 73 S.Ct. 172. Guided by that general rule, we recently reviewed the law of Oklahoma and reached the conclusion that the district courts in that state were vested with jurisdiction to entertain an original proceeding to determine the validity of a provision contained in a will, and that therefore a United States court in that state was clothed with like jurisdiction in an action of that kind, diversity of citizenship with the requisite sum in controversy being present. Ferguson v. Patterson, 10 Cir., 191 F.2d 584. There is diversity of citizenship in this case, and more than three thousand dollars is in controversy, exclusive of interest and costs. Therefore, we adhere to the view that the trial court had jurisdiction of the subject matter of the action. Ferguson v. Patterson, supra.

There is irreconcilable conflict among the decided cases in respect to whether only the state can be heard to complain that a corporation has acquired and holds property which exceeds in quantity or value the maximum permitted by the charter of the corporation or the law of the state. There are cases to the point that where a corporation is given power to acquire property not in excess of a specified quantity or a specified value, the taking and holding of property which exceeds the limit named is open to challenge only in a direct proceeding by the state. The underlying philosophy of these cases is that the question whether a corporation has acquired and holds property in excess of the limit authorized by the charter of the corporation or by the law of the state is solely between the corporation and the state and does not concern anyone else. Jones v. Habersham, 107 U.S. 174, 2 S.Ct. 336, 27 L.Ed. 401; Hamsher v. Hamsher, 132 Ill. 273, 23 N.E. 1123, 8 L.R.A. 556; Chase v. Dickey, 212 Mass. 555, 99 N.E. 410; Farrington v. Putnam, 90 Me. 405, 37 A. 652, 38 L.R.A. 339; McBride v. Murphy, 14 Del.Ch. 242, 124 A. 798, affirmed 14 Del.Ch. 457, 130 A. 283; In re Darlington's Estate, 289 Pa. 297, 137 A. 268; Mansfield v. Neff, 43 Utah 258, 134 P. 1160; Waters v. Waters, 155 Md. 146, 142 A. 297; Bank of Commerce & Trust Co. v. Banks, 161 Tenn. 11, 28 S.W. 2d 340, 29 S.W.2d 658, 69 A.L.R. 1353; Wade v. American Colonization Society, 7 Smedes & Marshall, Miss., 663, 45 Am. Dec. 324. Other courts have held with equal firmness that the heirs or next of kin of a testator or their successors in interest, may maintain an action in equity to attack the validity of a devise to a corporation of property which exceeds in quantity or value the maximum permitted under the law of the state. In re McGraw's Estate, 111 N.Y. 66, 19 N.E. 233, 2 L.R.A. 387, affirmed Cornell Uni-

versity v. Fiske, 136 U.S. 152, 10 S.Ct. 775, 34 L.Ed. 427; Davidson College v. Chamber's Ex'rs, 56 N.C. 253; Wood v. Hammond, 16 R.I. 98, 17 A. 324, 18 A. 198; House of Mercy of New York v. Davidson, 90 Tex. 529, 39 S.W. 924; Proctor v. Board of Trustees of Methodist Episcopal Church, South, 225 Mo. 51, 123 S.W. 862; Compton v. Moore, 156 Ky. 544, 161 S.W. 540; Kennett v. Kidd, 87 Kan. 652, 125 P. 36, 44 L.R.A., N.S., 544; De Camp v. Dobbins, 31 N.J. Eq. 671. Expressed in varying language, the rationale of these cases is that a will does not take effect until the death of the testator; that if a devisee is forbidden to accept property devised in the will, no title vests in the devisee; that the title vests instantly in the heirs or next of kin of the decedent; and that such heirs or next of kin may proceed in equity to attack the devise and perfect their title to the property.

While these cases are to be considered as a general guide, of course the sharply controverted question whether the validity of the devise involved in this action can be challenged only in a direct proceeding by the state depends upon the law of Oklahoma. No case has been called to our attention in which the question was considered under the law of that state since the Business Corporation Act, supra, became effective. In cases decided before that Act became effective, it was held in general that the unlawful acquisition of land in contravention of the constitutional provision and of statutes enacted to carry such provision into effect is voidable only and therefore can be questioned only in a direct proceeding by the state. Union Trust Co. v. Hendrickson, 69 Okl. 277, 172 P. 440; Brown v. Capps, 164 Okl. 91, 22 P.2d 1008; Texas Co. v. State ex rel. Coryell, 198 Okl. 565, 180 P.2d 631. But none of those cases involved directly or remotely the right of a sole heir to challenge a devise to a corporation of real estate which the constitutional and statutory provisions forbid it to take, acquire, hold, and own. And those cases do not stand alone. In Local Investment Co.

v. Humes, 51 Okl. 251, 151 P. 878, after saying that a conveyance to a corporation in violation of the constitutional provision was not absolutely void but merely voidable, it was said that the state alone can question the corporation's right to hold under such conveyance, except perhaps where individual wrong or injustice would result from denying the right to do so to such individual. It is significant that there the court recognized an exception to the general rule applicable in instances where individual wrong or injustice would result from the denial to such individual of the right to maintain an action of that kind.

It is manifest that conforming to the consistent course of decisions, section 2, article 22, of the Constitution, and section 20 of the Business Corporation Act, supra, must be construed together. And construed in that manner, a corporation is with one exception forbidden to take, acquire, hold, or own real estate outside of cities and towns and additions thereto. The single exception is that a corporation may take, acquire, hold, or own real estate outside of cities and towns and additions thereto, if it is reasonably necessary and proper for carrying on the business for which the corporation was chartered or licensed. The constitutional and statutory provisions are not merely regulative. Save only the single exception to which reference has been made, they are expressly prohibitory. They do not permit a corporation to take and own real estate in contravention of their terms, subject only to the right of the state to forfeit the title. They have none of the characteristics of a conventional provision for the escheat of property. While they do not contain any provision disabling in express language a corporation to take or acquire real estate in disregard of their terms, they are utterly prohibitory. It may well be that a conveyance executed inter vivos purporting to pass title to a corporation in contravention of the constitutional and statutory provisions cannot be challenged by the gran-

tor or those holding under him. But it is unnecessary to explore that question for this is not a case of that kind. This will did not take effect until the death of the testatrix. At that time, the corporate residuary legatee under her will was expressly and utterly forbidden by the constitution and the statute to take, acquire, hold, or own the land in controversy. And the land not being legally and effectively devised, no title vested in the devisees. Instead, title immediately passed under the law of descent and vested in the appellant as the sole heir at law of the decedent. In re McGraw's Estate, supra; House of Mercy v. Davidson, supra; Proctor v. Board of Trustees of Methodist Episcopal Church, South, supra; Compton v. Moore, supra; Kennett v. Kidd, supra.

■ It is well settled in Oklahoma that section 2, article 22, of the Constitution, supra, does not contain any self-executing provisions declaring forfeitures or escheats, and that the jurisdiction of a court to declare an escheat of land taken, acquired, held, and owned by a corporation in violation of the constitutional provision must find its source in an authorizing statute. State v. Prairie Oil & Gas Co., 64 Okl. 267, 167 P. 756; Parwal Investment Co. v. State, 71 Okl. 121, 175 P. 514; Sheridan Oil Co. v. Superior Court of Creek County, 183 Okl. 372, 82 P.2d 832; Texas Co. v. State, supra. The Business Corporation Act will be searched in vain for any provision declaring forfeitures or escheats of land taken, acquired, held, and owned by a corporation in violation of section 20 of such Act. And the general escheats statutes of Oklahoma, 84 O.S. §§ 213, 271, are limited to instances in which there are no heirs or devisees. It is our understanding that under the law of that state now in effect, property taken, acquired, held, and owned by a corporation in contravention of section 2, article 22, of the Constitution, and section 20 of the Business Corporation Act cannot be escheated to the state. Therefore, if the state were to institute an action challenging the validity of the

residuary devise now before us insofar as it concerns the tract of land in Oklahoma on the ground that the residuary devisee was forbidden by law to take, hold, or own such land, the court could not do more than determine and adjudicate that the devise was invalid. The court could not declare an escheat of the property and vest in the state title to the land or the proceeds therefrom. And upon an adjudication in an action of that kind that the devise was invalid, title to the property would vest or remain vested in the appellant as the sole heir of the decedent, free of any claim of the residuary devisee in the will. To deny appellant the right to maintain this action for the protection of his right and title to the land would constitute individual wrong and injustice within the intent and meaning of the exception to the general rule that the state alone may challenge in a judicial proceeding the taking, acquiring, and owning of land by a corporation in contravention of the law of the state enunciated in Local Investment Co. v. Humes, supra.

■ In an effort to uphold the judgment denying to appellant the right to maintain the action, appellees urge the contention that 18 O.S.1951 §§ 541–589 govern and control religious, educational, and benevolent corporations; that under such statutes corporations of that kind are specifically given the right to receive by way of gift, devise, or will, real or personal property, and to hold or dispose of the same in carrying out the purposes of the corporation; that appellee Sisters of St. Francis is a religious and benevolent corporation; and that therefore section 20 of the Business Corporation Act does not forbid it to take and own the tract of land in question. But in language too plain for doubt, section 20 of the Business Corporation Act provides that no corporation of any sort, whether coming within the general scope of the Act, or not, shall, except as therein provided, take, hold, or own any real estate located outside of any incorporated city or town, or any addition thereto. For reasons of public policy satisfactory

unto itself, the legislature expressly brought within the interdiction of the statute every corporation organized under the laws of the state or licensed to do business within the state, whether falling inside or outside of the general scope of the Act. And it is not the function of this court to restrict or narrow the plain sweep of the section.

The judgment is reversed and the cause remanded for further proceedings not in conflict with the views herein expressed.